## COURT OF APPEALS,

### June 18, 1915.

### PEOPLE v. ORESTO SHILITANO.

(215 N. Y. 97.)

MURDER—MOTION FOR NEW TRIAL ON GROUND OF NEWLY-DISCOVERED EVI-
DENCE SHOULD BE MADE UPON VERIFIED AFFIDAVITS IN DUE FORM OR EX-
PLANATION FOR FAILURE SUBMITTED—WHEN OPPORTUNITY FOR REHEAR-
ING GRANTED.

A defendant, convicted of murder in the first degree, on an appli-
cation for a new trial on the ground of newly-discovered evidence,
should submit affidavits in due form verified by the witnesses on
whose testimony he relies, and if this cannot be done should at least
submit some explanation of his failure to produce the affidavits, and
some excuse for the presentation of informal or unverified statements.
Where this has not been done, and there are features of the case un-
usual and suspicious, an opportunity for a rehearing will be granted
upon which the affiants should be placed upon the witness stand and
subjected to the test of cross-examination. (Code Crim. Pro. § 465,
subd. 7.)

APPEAL from a judgment of the Court of General Sessions
of the Peace in the county of New York, rendered March 6,
1914, upon a verdict convicting the defendant of the crime of
murder in the first degree. Also appeal from an order entered
April 13, 1915, denying a motion for a new trial.

*Martin W. Littleton* for appellant.

*Charles A. Perkins, District Attorney* (*Robert C. Taylor* of
counsel), for respondent.

CARDOZO, J.:

The defendant moved in the court below for a new trial on

the ground of newly-discovered evidence. He submitted statements of four witnesses, three of whom are claimed to have retracted the testimony given by them for the prosecution on the trial. These statements are styled affidavits, but they are not such affidavits as are contemplated by the law. They do not show the venue; they are not entitled in the action (Code Crim. Pro. § 683) ; they are not proved to have been delivered for use in any pending judicial proceeding; they are merely statements to a newspaper, signed and sworn to before a notary. It is doubtful whether they could be made the basis of a prosecution for perjury, if shown to be false. We think that the defendant on an application of this nature should submit affidavits in due form, verified by the witnesses on whose testimony he relies, and if this cannot be done, should at least submit some explanation of his failure to produce the affidavits, and some excuse for the presentation of informal or unverified statements. No such explanation or excuse is offered here. The trial judge would, therefore, have been justified in denying the motion on that ground alone. We do not say that he was not justified in denying it on its merits in view of the inconsistencies and improbabilities which it is claimed may be found in the statements of the affiants. On that question we express no opinion now. We think an opportunity should at least be given to the defendant to submit affidavits in due form, or to explain the failure to submit them. On such a rehearing, we think the cause of justice will be promoted if the affiants are placed upon the witness stand and subjected to the test of cross-examination (Code Crim. Pro. § .465, subd. 7). There are features of the case sufficiently unusual and suspicious to require, in justice both to the people and to the defendant, that there be a searching investigation. After it has been ascertained whether the witnesses are willing to retract their testimony, not by letters or informal statements, but by affidavits, and after the test of

cross-examination has been applied to the retraction, we shall be better able to determine where the truth lies.

We will, therefore, withhold the determination of the appeal now before us until the fall session of the court to the end that an opportunity may be given to the defendant to renew the motion for a new trial in the manner herein suggested.

HISCOCK, COLLIN, CUDDEBACK, HOGAN and SEABURY, JJ., concur; WILLARD BARTLETT, Ch. J., absent.

Decision of appeal withheld, etc.