THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v. ORESTO SHILITANO, Appellant.

Crimes — murder — motion for new trial on ground of newly-
discovered evidence should be made upon verified affidavits in
due form or explanation for failure submitted — when opportu-
nity for rehearing granted.

A defendant, convicted of murder in the first degree, on an appli-
cation for a new trial on the ground of newly-discovered evidence,
should submit affidavits in due form verified by the witnesses on
whose testimony he relies, and if this cannot be done should at
least submit some explanation of his failure to produce the affida-
vits, and some excuse for the presentation of informal or unverified
statements. Where this has not been done, and there are features
of the case unusual and suspicious, an opportunity for a rehearing
will be granted upon which the affiants should be placed upon the
witness stand and subjected to the test of cross-examination.
(Code Crim. Pro. § 465, subd. 7.)

(Argued April 28, 1915; decided June 18, 1915.)

APPEAL from a judgment of the Court of General Ses-
sions of the Peace in the county of New York, rendered
March 6, 1914, upon a verdict convicting the defendant
of the crime of murder in the first degree. Also appeal
from an order entered April 13, 1915, denying a motion
for a new trial.

*Martin W. Littleton* for appellant.

*Charles A. Perkins, District Attorney (Robert C.
Taylor* of counsel), for respondent.

CARDOZO, J.   The defendant moved in the court below
for a new trial on the ground of newly-discovered evi-
dence. He submitted statements of four witnesses, three
of whom are claimed to have retracted the testimony
given by them for the prosecution on the trial. These
statements are styled affidavits, but they are not such
affidavits as are contemplated by the law. They do not
show the venue; they are not entitled in the action (Code
Crim. Pro. § 683); they are not proved to have been deliv-
ered for use in any pending judicial proceeding; they are

merely statements to a newspaper, signed and sworn to before a notary. It is doubtful whether they could be made the basis of a prosecution for perjury, if shown to be false. We think that the defendant on an application of this nature should submit affidavits in due form, verified by the witnesses on whose testimony he relies, and if this cannot be done, should at least submit some explanation of his failure to produce the affidavits, and some excuse for the presentation of informal or unverified statements. No such explanation or excuse is offered here. The trial judge would, therefore, have been justified in denying the motion on that ground alone. We do not say that he was not justified in denying it on its merits in view of the inconsistencies and improbabilities which it is claimed may be found in the statements of the affiants. On that question we express no opinion now. We think an opportunity should at least be given to the defendant to submit affidavits in due form, or to explain the failure to submit them. On such a rehearing, we think the cause of justice will be promoted if the affiants are placed upon the witness stand and subjected to the test of cross-examination (Code Crim. Pro. § 465, subd. 7). There are features of the case sufficiently unusual and suspicious to require, in justice both to the people and to the defendant, that there be a searching investigation. After it has been ascertained whether the witnesses are willing to retract their testimony, not by letters or informal statements, but by affidavits, and after the test of cross-examination has been applied to the retraction, we shall be better able to determine where the truth lies.

We will, therefore, withhold the determination of the appeal now before us until the fall session of the court to the end that an opportunity may be given to the defendant to renew the motion for a new trial in the manner herein suggested.

HISCOCK, COLLIN, CUDDEBACK, HOGAN and SEABURY, JJ., concur; WILLARD BARTLETT, Ch. J., absent.

Decision of appeal withheld, etc.