[No. 19006.  En Banc.  July 31, 1925.]

THE STATE OF WASHINGTON, *Respondent*, v. BERT
WARD, *Appellant*.[1]

CRIMINAL LAW (365)—NEW TRIAL—PRESENCE OF ACCUSED.  It is
prejudicial error for the trial judge, on considering an application
for new trial in a criminal case, to take and hear testimony of the
witness without notice to the accused, and opportunity to be present
and cross-examine the witness.

SAME (457)—APPEAL—JUDGMENT—MANDATE.  Upon error in taking
evidence on a motion for new trial without opportunity to the
accused to be present and cross-examine the witness, the cause will
be reversed with directions to hear the matter with notice to the
accused and to determine the motion for new trial.

Appeal from a judgment of the superior court for
Snohomish county, Alston, J., entered April 7, 1924,
upon a trial and conviction of incest.  Reversed.

*Joseph H. Smith*, for appellant.

*C. T. Roscoe, M. H. Forde*, and *Charles R. Denney*,
for respondent.

MITCHELL, J.—Bert Ward was charged with the
crime of incest, committed with his daughter, eighteen
years of age, was found guilty, and has appealed from
a judgment and sentence upon the verdict.

It is claimed that the evidence was insufficient to
show that the act complained of occurred in the county
alleged.  This assignment is without merit, in our
opinion.  The conviction was had upon the testimony
of the daughter, with rather slight corroboration by
her brother, Robert Ward.

It is urged that the court erred in denying appel-
lant's motion for a new trial.  The motion alleged sev-
eral statutory grounds, and was supported by an affi-
davit of Robert Ward, recanting his testimony given

[1]Reported in 238 Pac. 11.

before the jury. Thereupon the trial court had the witness brought into court for oral examination, which was had in the presence of the appellant and his attorney. At the close of the hearing, the court took the matter under advisement, and thereafter filed a "memorandum opinion," concluding with the statement that the motion should be denied. Later the trial judge received a letter from the prosecutrix, of which nothing was known by the appellant or his attorney, except as shown by an order filed on April 7, 1924, together with written exceptions thereto by counsel for the appellant and the court's modification of the order of April 7, the latter two instruments being filed on April 24, 1924.

The order of April 7, 1924, is as follows:

"This matter coming on to be heard upon the defendant's motion for a new trial, and certain affidavits by the son of the defendant, one of the witnesses, having been made and filed here, the court having subpoenaed the said witness to appear in court and testify in court under oath in connection with the matter contained in his affidavit, such examination having been had in the presence of the defendant and his attorney, the court having taken the matter under advisement and having made a ruling hereon in effect denying the motion for new trial, and subsequently having received a letter purporting to come from said complaining witness in which there was an intimation that she had testified falsely at the trial, and the court having ordered said witness to appear in court and she having appeared, accompanied by the superintendent of the Washington girl's home, and having been examined by the prosecuting attorney and the court, and she having reaffirmed that her testimony given on the trial was true and that she wrote the letter because she hated to see her father go to the penitentiary and admitted in the presence of said parties that her father had many times had sexual intercourse with her, and the court now having no doubt that the testimony of

the complaining witness given at the trial was true, now therefore

"It is ordered that the said motion for new trial be, and the same is hereby denied. To which the defendant excepts and the exception is allowed. Dated and signed this 7th day of April, 1924, Guy C. Alston, Judge."

The written exceptions and modifications of the order, filed April 24, 1924, are as follows:

"Comes now the above named defendant by his attorney, Joseph H. Smith and excepts to that certain order made herein on April 7, 1924, wherein the inference could be drawn that defendant and his counsel were present when the purported supplemental examination of the complaining witness took place as therein referred to, when the fact was that neither defendant nor his attorney were present or had any knowledge of the time and place of the meeting of said chamber session of the court.

"(Signed) Joseph H. Smith,

"Attorney for defendant.

"The foregoing exceptions are hereby allowed and said supplemental order denying motion for new trial is hereby amended to show that neither defendant nor his attorney were present at the time and place of the supplemental examination of said complaining witness as therein referred to. Guy C. Alston, Judge."

The final formal order of April 7 denying the motion for a new trial was signed and entered prior to the date of the judgment and sentence in the case.

It appears that the situation presented by the letter of the complaining witness was one which appealed to the trial judge, in the exercise of that judicial discretion required in the disposition of a motion for a new trial. It was, of course, of much importance to the one found guilty of such an unnatural and infamous crime. We say the letter appealed to the trial judge because, in the order of April 7, after mentioning the

receipt of the letter from the complaining witness intimating the falsity of her testimony given at the trial, and after speaking of the examination of that witness in court by the prosecuting attorney and the court, it is recited,

"And she having reaffirmed that her testimony given on the trial was true and that she wrote the letter because she hated to see her father go to the penitentiary and admitted in the presence of said parties that her father had many times had sexual intercourse with her, and the court *now having no doubt* that the testimony of the complaining witness given at the trial was true," etc.

But, while the court was thus engaged in clearing his mind of doubt by the examination of this important witness with the help of the prosecuting attorney, the appellant was not only not present or represented, but he had no opportunity by formal notice or otherwise of the hearing so that he could be present.

In disposing of motions for new trials, it is the common practice in this state, even in civil cases, where affidavits are used that they be served on the opposite party or his attorney that he may have an opportunity to meet the case made against him. This is equality and fairness. This principle flows through the law in all its phases, substantive and procedural. The hearing complained of was conducted in such a manner, no record of the evidence being kept, that the appellant was deprived of even an opportunity to meet that evidence by affidavits or otherwise. While there can be no question of the power and right of a court to allow an examination of a witness orally instead of by affidavit on the hearing of a motion for new trial, it is nevertheless one of the most important rights relating to the introduction of evidence, in both civil and criminal cases, that the party against whom such witness testifies shall have the right of cross-examination

if that party had made and continues a general appearance in the case. At this hearing, there was an agitation of the evidence by the oral examination of the one important witness, who had affirmed, recanted, and now, at a time when the accused was without even an opportunity to be present or represented, was questioned back to a re-affirmation. It is immaterial that the recantation or intimation of false testimony was by a letter that would not constitute the basis of a prosecution for perjury, if false. *People v. Shilitano,* 215 N. Y. 715, 109 N. E. 500. It was entirely sufficient to arouse the attention of the court and suggest the responsibility he felt called upon to meet by having her testify again under questions by the attorney for the prosecution. Where a witness has been examined in chief, the other party should and does have the right to cross-examine for the purpose of ascertaining the situation of the witness with respect to the parties and the subject matter of the controversy, his motives, his interests, his inclinations and his prejudices, all of which have a bearing upon the question of weight to be given such testimony, and that whether the hearing be before a judge or a jury.

There should be no confusion as to the particular point involved in this case. It is not whether the trial judge should have paid any attention to the letter, nor whether the examination of a witness on the hearing of a motion for a new trial in the absence of the accused and the conclusion of the court thereon would be binding and valid had the accused been given notice of the hearing so as to be present if he wished; but, precisely, the question is, was the accused entitled to notice of the hearing so that he could be present in person or represented by his attorney if he so desired. The principle of a number of authorities that there is

no constitutional or statutory necessity for the presence of the defendant in the taking of such testimony on the hearing of a motion for a new trial is in no way involved, but it is simply a question of his having notice of the hearing and an opportunity to be heard at the examination of the witness with the right of cross-examination.  As already stated, the taking of oral testimony was entirely discretionary and proper, but to do so in the absence of notice to the appellant or his attorney was, in our opinion, prejudicial and constitutes reversible error.

Finding, however, that the error occurred on the hearing of the motion for a new trial does not entitle the appellant to a new trial.  We think the proper relief, which is hereby ordered, is that the cause be, and the same is, remanded to the trial court with directions to set aside the judgment and sentence appealed from; re-examine the prosecuting witness at a time of which the appellant shall be given proper notice; allow the appellant thereafter, within a reasonable time, to introduce, by affidavit or otherwise, as the court may direct, new evidence, if any he have, bearing upon the testimony of the prosecuting witness given at such re-examination; and thereupon, together with any and all testimony heretofore taken on the motion for a new trial, a determination be had of appellant's motion for a new trial.

Tolman, C. J., Parker, Holcomb, Askren, Bridges, and Mackintosh, JJ., concur.