[No. 19751. Department Two. May 24, 1926.]

THE STATE OF WASHINGTON, *Respondent*, v. BERT WARD,
*Appellant*.[1]

[1] CRIMINAL LAW (439) — APPEAL — REVIEW — DISCRETION — NEW
TRIAL. Error cannot be assigned on the course and conduct of
hearing testimony on an application for a new trial where both
sides were accorded a fair hearing and no abuse of discretion
appears.

Appeal from a judgment of the superior court for
Snohomish county, Alston, J., entered October 19, 1925,
upon a trial and conviction of incest. Affirmed.

*Joseph H. Smith*, for appellant.

*C. T. Roscoe* and *Charles R. Denney*, for respondent.

MITCHELL, J.—The appellant was convicted of incest
and appealed. The judgment was reversed because of
prejudice to appellant's rights in the taking of adverse
testimony, on a motion for a new trial, without giving
the appellant notice and opportunity to be present in
person or by counsel. The cause was remanded with
direction to reexamine that witness upon notice to the
appellant and his attorney and to hear such rebuttal
testimony, if any, as might be appropriate, and then
upon the whole record to dispose of the motion for a
new trial. *State v. Ward*, 135 Wash. 482, 238 Pac. 11.
The trial court followed the direction, denied the mo-
tion for a new trial and entered judgment against the
defendant, from which he has again appealed.

The appeal brings up the whole record, including, of
course, the trial record. On the merits of the case it is

[1]Reported in 246 Pac. 1119.

enough to say that there was ample evidence to sustain the verdict against the appellant.

[1] Concerning the motion for a new trial and the hearings thereon, and also the disposition of the motion made by the trial court, the record fails to disclose any abuse of discretion on the part of the trial judge. Both sides were accorded a fair hearing. Counsel for appellant criticises the conduct and course of that hearing on the ground that the prosecuting witness was under the restraint of public authorities at the time of the hearing of the motion for a new trial. But it appears that at that time she was an inmate of the state school for girls located at Grand Mound, and at the hearing at Everett was in the care of an attendant from that school. The examination of the witness was in open court, whereupon further hearing was continued to a future date agreeable to the appellant, at which time additional evidence pertaining to the motion for a new trial was taken in open court.

Affirmed.

TOLMAN, C. J., MAIN, and PARKER, JJ., concur.