HELENE CURTIS INDUSTRIES, Inc. and
Helene Curtis Sales, Inc., Plaintiffs,

C. V. Layden, doing business as South-
western Beauty Products Company,
Plaintiff-Intervener,

v.

SALES AFFILIATES, Inc., Defendant.

The GILLETTE COMPANY, Plaintiff,

Skillern & Sons, Inc. and Walgreen Drug
Company of Texas, Plaintiffs-
Interveners,

v.

SALES AFFILIATES, Inc., Defendant.

SALES AFFILIATES, Inc., Plaintiff,

The Proctor & Gamble Company,
Involuntary Plaintiff,

v.

C. V. LAYDEN, doing business as South-
western Beauty Products Company,
Defendant.

SALES AFFILIATES, Inc., Plaintiff,

The Proctor & Gamble Company,
Involuntary Plaintiff,

v.

SKILLERN & SONS, Inc., Walgreen Drug
Company of Texas and The Gillette
Company, Defendants.

United States District Court
S. D. New York.
Feb. 15, 1955.

Morgan, Finnegan, Durham & Pine,
New York City, for appellant, Sales Affili-
ates, Inc., George B. Finnegan, Jr., New
York City, William D. Denson, Washing-
ton, D. C., Jerome G. Lee, New York City,
of counsel.

Kenyon & Kenyon, New York City, for
Helene Curtis Industries, Inc., Helene
Curtis Sales, Inc., and C. V. Layden,

d/b/a Southwestern Beauty Products Co., Theodore S. Kenyon, New York City, Maurice S. Cayne, Chicago, Ill., Malvin R. Mandelbaum, New York City, of counsel.

IRVING R. KAUFMAN, District Judge.

This is a motion for a new trial on the basis of newly discovered evidence. The alleged newly discovered evidence consists of sworn statements made by one Alfred E. Brown in connection with applications for patents subsequently issued to Brown. These statements are alleged by the defendant Sales Affiliates to constitute evidence of the validity of the McDonough patent, which this Court has previously held invalid upon the recommendation of the Special Master.

■ The standard which the trial court is to follow in exercising its discretion in motions of this type has been accurately and concisely stated by Professor Moore in his authoritative treatise on Federal Practice. He states, at page 3787:

"In general, a new trial is not warranted unless the evidence, if it had been presented at the former trial, would probably have produced a different result. Evidence, therefore, that is merely cumulative, or whose only effect is to contradict or attack the credibility of witnesses will ordinarily not warrant a new trial, in the absence of very unusual or extraordinary circumstances.

The recantation of a material witness is a circumstance that should be considered, and may warrant a new trial."

■ The defendant contends that the statements made by Brown in reference to his patents seriously contradict his testimony at the trial. However, Brown in an affidavit submitted in opposition to this motion reaffirms substantially all of his testimony at the trial and denies that there are any contradictions between his trial testimony and the statements in his patent applications. It is obvious, therefore, that we are not dealing with a case of recantation by a witness. Viewing this in the most favorable light to the defendant, the most that can be said is that there might be some contradictions. As Professor Moore points out, contradictions or mere impeachment are not sufficient to bring about a new trial particularly in a case where the result of the former trial would probably not have been different if this evidence had been presented.

Furthermore, it is clear from the Master's report and from my Opinion confirming the Report that there was substantial other evidence and other independently adequate grounds upon which both the Master and the Court found the patent in suit invalid.

In a case of this magnitude [1] the alleged contradictions should be more substantial than those presented to satisfy the requirements for granting a new trial.

Motion denied. So ordered.

---

1. I took occasion, in the main Opinion in this case, 121 F.Supp. 490, 494, to note that the trial before the Special Master was lengthy and comprehensive:
"'On July 2, 1952, informal preliminary statements and outlines of proof were made by counsel. * * * With customary optimism, it was anticipated that the trial would be completed by the end of September. However, the New York depositions, which were taken before the Master, consumed over two months, filling more than 2,000 pages of transcript, most of which was subsequently offered at the trial. The trial got under way on October 21, and continued well into January, 1953. During its course more than twenty witnesses gave more than 4,000 pages of testimony, all in addition to the depositions of absent as well as present witnesses. Almost a thousand exhibits were marked for identification or offered in evidence' (out of a total of 8,455 documents which had been produced on demand of one party or another). '[T]he exhibits * * * themselves [added] up to several thousand pages of evidence. The briefs of the parties totaled almost a thousand pages. It can be said that rarely, if ever, has a patent case been more thoroughly presented by way of testimony and documentation, and so exhaustively argued,' (Page 7 of Master's Report.)"