Walter E. DeBINDER, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 16846.

United States Court of Appeals
District of Columbia Circuit.

Argued April 23, 1962.

Decided May 10, 1962.

Mr. Robert M. Lichtman, Washington, D. C., with whom Mr. Joseph F. Healy, Jr., Washington, D. C. (both appointed by this court), and Mr. J. Ronald Trost, Washington, D. C., were on the brief, for appellant.

Mr. William C. Weitzel, Jr., Asst. U. S. Atty., with whom Messrs. David C. Acheson, U. S. Atty., and Nathan J. Paulson and Victor W. Caputy, Asst. U. S. Attys., were on the brief, for appellee.

Before Mr. Justice BURTON, retired,[*] and EDGERTON and WRIGHT, Circuit Judges.

PER CURIAM.

█ This case has been here before. 110 U.S.App.D.C. 244, 292 F.2d 737. At that time the court held that the trial judge abused his discretion under Fed. R.Crim.P. Rule 6(e), 18 U.S.C.A., in refusing to order production of the grand jury testimony of the complaining witness for examination and use by the appellant. The case was remanded with the following instructions:

"Considering all the circumstances of this case—in particular the fact that inspection may reveal no inconsistencies—we think that outright reversal is inappropriate. The interests of justice will, we think, be best served in this case by remanding it to the District Court with instructions to permit defense counsel to examine the grand jury testimony of the complaining witness, and to urge upon the court, as grounds for a new trial, any material inconsistencies alleged to exist between such testimony and the testimony of the same witness at the trial. If material inconsistencies are found by the District Court to exist, the District Court shall grant a new trial. * * *"

[*] Sitting by designation pursuant to 28 U.S.C. § 294(a).

On remand the pertinent grand jury testimony was transcribed and made available to the appellant. The trial judge read the transcript and the record of the trial, heard oral argument, and ruled there was no "material inconsistency" between the testimony of the complaining witness on the two occasions. We agree.

Upon remand the appellant expanded the base of his motion for new trial to include newly discovered evidence. Fed. R.Crim.P. Rule 33. In support thereof he submitted the affidavits of his counsel and his mother stating that his twin brother had confessed to them the crime for which appellant had been convicted. Appellant also submitted a letter apparently signed by his twin, but written by a person unknown, confessing the crime.[1] The trial court denied the application for new trial.

■■ The credible confession of another to the commission of a crime for which an accused has been convicted is, of course, sufficient ground for a new trial. Here, however, the alleged confession itself,[2] the circumstances surrounding its execution[3] and the relationship of the parties concerned counsel caution lest the court be the victim of an imposition.[4] This "confession" should be tested in open court. The twin, Eugene Carl DeBinder, should be given the opportunity to appear and testify at a hearing on appellant's motion for new trial. The case is remanded accordingly. If a new trial is denied, the order of denial may be appealed.

So ordered.

1. "I Eugene C. DeBinder solemnly swear that entered Mrs. Van Pelts apartment approximately two years ago. On said date I can't remember without a transcript of the trial. My twin brother Walter Earl DeBinder is serving a sentence for a crime that he did not commit. I was the one who entered Mrs. Van Pelts at about 1:00 A.M. in the morning taking three dollars and one gold wrist watch. I was intoxicated at the time.
"Signiture:
/S/ Eugene C. DeBinder."

2. The apparent signature of the twin was unwitnessed. Moreover, there were material differences between the facts stated in the confession and the facts in evidence.

3. At the time of its alleged execution, the twin was in the D. C. General Hospital suffering from some undisclosed mental or physical ailment.

4. In a somewhat similar situation, the court in Newman v. United States, 5 Cir., 238 F.2d 861, 862, stated: "The very nature of the process negatived, therefore, the basis for the claim that a paper —the recanting affidavit—compelled automatically the grant of a new trial. To honor such a claim—to test right by paper form, not substance—would be abdication of constitutional duty, frequently to persons who, as participants, co-conspirators, or actors in the criminal activity initially charged, might from a variety of base motives, or importunities, be impelled, by recantation, to come to the aid of a person * * *."