Robert **BROWN**, Appellant,

v.

**UNITED STATES of America,**
**Appellee.**

**No. 488, Docket 28164.**

United States Court of Appeals
Second Circuit.

Argued June 3, 1964.

Decided June 8, 1964.

Albert E. Evans, New Haven, Conn., for appellant.

Howard T. Owens, Jr., Asst. U. S. Atty., for the District of Connecticut, New Haven, Conn., (Robert C. Zampano, U. S. Atty., of counsel), for appellee.

Before MOORE, KAUFMAN and HAYS, Circuit Judges.

PER CURIAM:

Convicted on December 7, 1961, of unlawfully selling narcotics, appellant Brown moved on July 6, 1962, for a new trial under Rule 33, F.R.Crim.P., on the ground of newly discovered evidence. Finding that the evidence in question might have been produced at trial if Brown had exercised reasonable diligence, and that it would not have materially affected the outcome in any event, Judge Anderson denied the motion after a hearing. We entirely agree with both conclusions, and accordingly affirm.

■ The unlawful sale of which Brown was convicted allegedly occurred between 8:30 and 9:00 P.M., on the evening of July 29, 1960, in Hartford, Connecticut. Brown's "newly discovered evidence," consisting primarily of the testimony of one Les Chant, was apparently intended to establish that the appellant had not, in fact, been in Hartford on the evening in question, but instead had been with Chant in Springfield, Massachusetts, listening to the radio broadcast of a baseball game.

As Judge Anderson noted, Brown has never explained to the Court's satisfaction why Chant, the clerk of the Springfield hotel in which the appellant resided at the time, was not called at the trial. We wholly concur in the trial judge's conclusion that the exercise of due diligence has not been established.

■ While this would be sufficient reason for affirmance, Thompson v. United States, 88 U.S.App.D.C. 235, 188 F.2d 652 (1951), we also agree that Chant's testimony would not "probably have produced a different result," Helene Curtis Inds. v. Sales Affiliates, 131 F.Supp. 119, 120 (D.C., S.D.N.Y.1955), aff'd, 233 F.2d 148 (2d Cir.), cert. denied, 352 U.S. 879, 77 S.Ct. 101, 1 L.Ed.2d 80 (1956), and would hence not have warranted a new trial in any event. Thus, Brown was positively identified at his trial by four government agents and a "special employee" as having consummated the sale of heroin in Hartford on July 29, 1960. Chant, on the other hand, was hardly positive of the precise date that he and the appellant had listened to the baseball game. As he testified at the hearing, "it could have been some other day. I can't pinpoint it as to * * * any particular day. It's too far back to remember."

■ Judge Anderson, who had presided over Brown's trial without a jury, hardly erred in refusing to find that Chant's hazy recollections rebutted the conclusive prosecution testimony offered at trial, and we cannot so hold. "A motion for a new trial on the ground of newly discovered evidence is addressed to the discretion of the trial judge. In deciding it, he may utilize the knowledge he gained from presiding at the trial as well as the showing made on the motion. On an appeal from denial of the motion decision must turn on whether there has been an abuse of discretion in denying it. And the order will not be reversed unless the new material tends to 'furnish evidence of defendant's innocence,' and is such as would probably produce an acquittal." United States v. On Lee, 201 F.2d 722 (2d Cir.) cert. denied, 345 U.S. 936, 73 S.Ct. 798, 97 L.Ed. 1364 (1953). In the present case, Brown has clearly failed to make the requisite showing. The order is affirmed.