**In the Matter of the Arbitration Between
IONIAN SHIPPING COMPANY
and
TYSON SHIPPING CO., Inc.
No. 69–Civ. 3496.**

United States District Court,
S. D. New York.

Dec. 19, 1969.

Casey, Lane & Mittendorf, New York City, for Ionian Shipping Co.; by David Orlin, New York City, of counsel.

Joseph D. Becker, New York City, for Tyson Shipping Co., Inc.; by Kenneth Gordon, New York City, of counsel.

CROAKE, District Judge.

## MEMORANDUM

The above-captioned matter arises out of an arbitration award and subsequent proceedings in this Court between Ionian Shipping Company (Ionian), a Liberian corporation with its principal office in Panama City, Panama, and Tyson Shipping Company, Inc. (Tyson), a Delaware corporation with its principal office in New York.

Arbitration proceedings were instituted in August 1968, under a Contract of Affreightment between the parties which provided for arbitration of all dis-putes. On May 12, 1969, an award was entered in favor of Ionian.

A motion to vacate the award on the grounds of misconduct by the arbitrators for "refusal to hear evidence pertinent and material to the controversy in violation of the Federal Arbitration Act, 9 U.S.C. sec. 10(c)," was brought on by Tyson before Judge David N. Edelstein of this Court on September 30, 1969. At the conclusion of oral argument Judge Edelstein denied the motion to vacate and confirmed the arbitration award on the grounds that Tyson had not sustained its burden of establishing that the arbitrators were guilty of misconduct in making and entering the award of May 12, 1969.

Tyson's present motion made pursuant to Rule 59(a) of the Federal Rules of Civil Procedure asks for a "new trial" or, in effect, a rehearing of the motion to vacate the arbitration award on the grounds that Tyson has discovered new evidence.

Tyson and Ionian entered into a contract of affreightment on April 23, 1968, for the shipment by Tyson and the carriage by Ionian of crude oil from Venezuela to Costa Rica during a three-year period. Following the successful completion of three shipments, Ionian's vessel, the *Sofia M*, sank with its cargo of crude oil which was being transported under the above contract. A dispute promptly arose between the parties concerning whether the destruction of the *Sofia M* automatically terminated the contract and whether the parties had agreed that the contract would be so terminated. Tyson declined to make further shipments and Ionian instituted arbitration proceedings in August 1968, to resolve the dispute.

After the close of the hearings, but before any award had been made, Tyson was advised by letter that the insurance underwriters had declined to pay Ionian for the loss of the *Sofia M* on the grounds that the loss was not a result of an insured peril. Tyson made this letter

known to the arbitrators on March 14, 1969.

The arbitrators specifically referred to the above letter in their findings and concluded that it would be unnecessary to receive any further evidence on the cause of the sinking of the *Sofia M* since the event was irrelevant to the issue of which party had breached the Contract of Affreightment. The arbitrators stated:

"The contract affords to Ionian the right of using any vessel as a substitute for the Sofia M, provided the deadweight would not exceed 15,000 tons; it follows as a rational sequence that Ionian could use the Sofia M for other commitments as long as another carrier transport the contracted quantity of crude oil to Moin Bay. Therefore the loss of the Sofia M, cannot be considered as a sufficient reason to render the contract frustrated, since other vessels could carry the crude oil."

In its original motion to vacate the arbitration award before Judge Edelstein, Tyson attached the above letter as well as a copy of the pleadings of an action pending in this Court entitled Ionian Shipping Company v. British Law Insurance Co., Ltd., et al. (69–Civ. 1731). This is an action which Ionian brought against British Law Insurance Company, Ltd. seeking recovery of insurance proceeds for the loss of the *Sofia M*. The defendant's answer in the British law case alleged as an affirmative defense that the loss of the *Sofia M* resulted from the "connivance and procurement" of Ionian. Thus, the question of possible wrongdoing on the part of Ionian in the loss of the *Sofia M* was not only before the arbitrators but also before the Court when Judge Edelstein denied Tyson's motion to vacate the arbitration award at the close of argument before him on September 30, 1969.

■ Tyson's present motion is made pursuant to Rule 59(a) of the Federal Rules of Civil Procedure which authorizes a Court to grant a new trial in non-jury cases " * * * for any of the reasons for which new trials have heretofore been granted in suits of equity in the courts of the United States." It is clear that the concept of a "new trial" used in Rule 59 has been interpreted to encompass the rehearing of a motion. Gainey v. Brotherhood of Railway & Steamship Clerks, 303 F.2d 716 (3d Cir. 1962); Principale v. Associated Gas & Electric Co., 192 F.2d 1016 (2d Cir. 1951). Furthermore, newly discovered evidence is an established basis for motions for a rehearing under Rule 59(a). *See* 6A MOORE'S FEDERAL PRACTICE sec. 59.07.

■ Under Rule 59(b) a motion for a new trial " * * * shall be served not later than 10 days after the entry of the judgment." This 10 day limitation of Rule 59 is absolute and not subject to enlargement by the Court.

It is Ionian's contention that the judgment and Order of Judge Edelstein was entered on October 10, 1969, which would result in the fact that Tyson's present motion, which was served on October 24, 1969, would be untimely. In support of this position, Ionian points to the fact that Judge Edelstein signed the Order and Judgment on October 10, 1969, and that the Clerk entered a notation to this effect on the docket sheet.

It is clear from the record, however, that another docket entry was made on October 15, 1969, which reads "judgment ent. 10/15/69."

■ Rule 10 of the General Rules of the United States District Courts, as well as the 1963 amendments to Rules 58 and 79 of the Federal Rules of Civil Procedure, specifies that every judgment should be set forth on a separate document signed and entered by the clerk. Consequently, the October 15, 1969 entry on the docket sheet, which is the only judgment entry involving a separate document, can be the only proper entry of judgment. Tyson's October 24, 1969

motion for a new trial pursuant to Rule 59(a) is therefore considered by the Court to be timely made within the 10 day limitation of Rule 59(b).

■ To warrant a new trial on the grounds of newly discovered evidence under Rule 59(a), the evidence must not only have been unknown to the movant at the time of trial but also the movant must have been excusably ignorant of the facts so that they could not have been discoverable by diligent search. Toledo Scale Co. v. Computing Scale Co., 261 U.S. 399, 419, 43 S.Ct. 458, 67 L.Ed. 719 (1923); Campbell v. American Foreign S.S. Corporation, 116 F.2d 926 (2d Cir. 1941), cert. denied, 313 U.S. 573, 61 S.Ct. 959, 85 L.Ed. 1530 (1941); Alison v. United States, 251 F.2d 74 (2d Cir. 1958).

■ The "new evidence" relied upon by Tyson in support of its present motion consists of answers to certain of plaintiff's interrogatories in the above-mentioned British Law Case which reveal that the *Sofia M* had been wilfully scuttled by its crew members because the vessel was "overage, heavily mortgaged and insured and badly in need of substantial repairs."

Although Tyson is not a party to the insurance suit, in the opinion of this Court it could have obtained the answers to the above interrogatories in time for the hearing of its original motion on September 30, 1969, since these papers were filed and served on August 22, 1969, and were therefore a matter of public record for more than a month before Tyson's original motion was heard.

Tyson had to be aware of the pendency of the British Law Case, since it submitted copies of the complaint and answer of this case with its original motion papers. Consequently, it cannot be maintained that the answers to the interrogatories could not have been discovered by a diligent search since these papers were readily available as part of the public record.

Tyson, in presenting its current motion, is actually maintaining the same position taken in its original motion of September 30, 1969, namely, that the sinking of the *Sofia M* was a critical fact which should have been taken into consideration by the arbitrators. This position was specifically rejected by the arbitrators and later by Judge Edelstein. Tyson, by this present motion, is therefore seeking a rehearing on the basis of merely cumulative evidence that has already been deemed irrelevant by the arbitrators and this Court, and which in no way should change the outcome of this action. *See* Fisher Studio, Inc. v. Loew's Incorporated, 232 F.2d 199 (2d Cir. 1956); Knight v. Hersh, 114 U.S. App.D.C. 198, 313 F.2d 879 (1963); Helene Curtis Industries, Inc. v. Sales Affiliates, Inc., 131 F.Supp. 119 (S.D.N.Y. 1955).

Under the above circumstances a new trial will not be granted and, accordingly, Tyson's motion for a new trial pursuant to Rule 59(a) of the Federal Rules of Civil Procedure is denied.

So ordered.