Luis A. LEBRON, Jr., Plaintiff,

v.

The **UNITED STATES SECRETARY OF the AIR FORCE**, Defendant.

Nos. 74 CIV. 4942 (MP),
74 CIV. 4943 (MP).

United States District Court,
S. D. New York.

April 14, 1975.

**220**

H. Elliot Wales, New York City, for plaintiff.

Paul J. Curran, U. S. Atty., S. D. N. Y. by Daniel J. Pykett, Asst. U. S. Atty., for defendant.

## OPINION

MILTON POLLACK, District Judge.

Cross-motions for judgment are before the Court. No factual issues are presented.

■ Plaintiff, an Air Force serviceman, seeks relief from two separate convictions by military courts martial. In one case, on January 12, 1971, he was found guilty of possession and use of a narcotic drug. In the other case, on December 17, 1971, he was found guilty of assault. Both complaints assert jurisdiction under 28 U.S.C. §§ 2251–54, the habeas corpus provisions, and 28

U.S.C. § 1346, which authorizes suits against the United States in federal courts. Both suits were transferred to this District from the District of Columbia pursuant to 28 U.S.C. § 1404(a) because the petitioner was found to be "in custody" in this District since he was paroled in the Bronx on probation.[1]

The authority of this Court to hear petitions for habeas corpus supports this proceeding in respect to the assault case since the complaint was filed while the plaintiff was either in prison or on probation. See 28 U.S.C. § 2241(c). However, he was not in such "custody" when the complaint was filed pertaining to the narcotics case. Under certain circumstances where merits have been established, jurisdiction of the Courts to review a court martial decision has been found proper, even though habeas corpus jurisdiction would not lie because the plaintiff was not in custody. United States ex rel. Flemings v. Chafee, 458 F.2d 544 (2d Cir. 1972), rev'd on other grounds sub nom. Warner v. Flemings, 413 U.S. 665, 93 S.Ct. 2926, 37 L.Ed.2d 873 (1973).[2]

### I. Narcotics Case

■ A court martial convicted plaintiff of violation of Article 134 of the Uniform Code of Military Justice, 10 U.S.C. § 934. He was sentenced to 6 months incarceration, forfeiture of part of his pay, and reduction in rank. Plaintiff contends that so far as concerns the narcotics case asserted against him the Article is unconstitutionally vague.

Article 134 authorizes court martial for "all disorders and neglects to the prejudice of good order and discipline in the armed forces, all conduct of a

1. A petitioner who is released from jail on probation is still in custody for habeas corpus purposes. Jones v. Cunningham, 371 U.S. 236, 83 S.Ct. 373, 9 L.Ed.2d 285 (1963).

2. *See also* Williams v. Froehlke, 356 F.Supp. 591 (S.D.N.Y.1973), aff'd 490 F.2d 998 (2d Cir. 1974), which found jurisdiction to issue mandamus to overturn a court martial decision; Melvin v. Laird, 365 F.Supp. 511 (E.D.N.Y.1973), which asserted jurisdiction

to issue mandamus orders or declaratory relief under 28 U.S.C. § 1346. Relief was ultimately denied on the merits in each case. *Compare* Secretary of the Navy v. Avrech, 418 U.S. 676, 94 S.Ct. 3039, 41 L.Ed.2d 1033 (1974), where the Supreme Court refused to decide "the difficult jurisdictional issue", of whether federal courts could review military courts in non-habeas actions, without the benefit of further argument, assumed jurisdiction, and dismissed the suit on the merits.

nature to bring discredit upon the armed forces, and crimes and offenses not capital, of which persons subject to [the military code] may be guilty", which are not specifically mentioned in the Code of Military Justice.

In Parker v. Levy, 417 U.S. 733, 763, 94 S.Ct. 2547, 2565, 41 L.Ed.2d 439 (1974) (Blackmun, J., concurring), it is expressly stated that drug offenses are "of a sort which ordinary soldiers know, or should know, to be punishable" albeit not set out in the words in the statute.[3] *Parker* holds that Article 134 is not so vague on its face as to allow it to be overturned at the instance of one whose offense was clearly within its reach.

 Plaintiff further contends that the search warrant pursuant to which the contraband drugs were found in his possession was invalid, because it was issued on unsworn statements of a narcotics agent and because those statements were based on false statements of a fellow airman. Neither objection is meritorious. Authority to search may be granted upon oral and unsworn statements of a special agent under military law.[4] As to the allegations that the agent's representations were predicated upon false statements of another airman, it need only be noted that a warrant is properly granted if it is found that "the affiant-agent has reasonable grounds for believing in the truth of" the allegedly false statement. United States v. Perry, 380 F.2d 356, 358 (2d Cir. 1967). Plaintiff does not allege that such reasonable grounds did not exist, and it appears from the trial record that the trial court sufficiently dealt with the question of the validity of the search warrant.

There are no grounds established to sustain the relief plaintiff seeks in respect to the narcotics case. The military courts have dealt fully and fairly with the allegations raised by this petition and non-habeas relief is foreclosed. 10 U.S.C. § 876; United States v. Carney, 406 F.2d 1328 (2d Cir. 1969).

## II. Assault Case

Plaintiff seeks relief from a conviction of assault by an Air Force court martial under Military Law. Code of Military Justice, Art. 128, 10 U.S.C. § 928. Subsequent to his conviction by the trial court and before its affirmance by the commanding officer of the post,[5] plaintiff came forward with new evidence, a confession of a third party of commission of the crime for which plaintiff was convicted. Plaintiff's attorney informed the post's commanding officer of the confession, and the latter ordered an *ex parte* investigation into plaintiff's allegations. After considering the record and the results of the investigation, the commanding officer approved the findings of the court martial.

Plaintiff then applied to the Judge Advocate General for a new trial, and he, pursuant to 10 U.S.C. § 873, referred the application to the Air Force Court of Military Review, before which plaintiff's appeal was pending. Under Military Law, 10 U.S.C. § 873, consideration of newly discovered evidence for purposes of deciding whether a new trial should be granted is given to the Judge Advocate General; if the party seeking a new trial has an appeal pending before either the Court of Military Review or the Court of Military Appeals, the motion for a new trial is referred for decision to the Court considering the ap-

---

3. *See* Schlesinger v. Councilman, —— U.S. ——, 95 S.Ct. 1300, 43 L.Ed.2d 591 (1975), where a petition for collateral relief from a court martial proceeding for possession of marijuana, to be prosecuted as a violation of Article 134, was held improperly granted. The Court noted at 4433 n. 3 that petitioner there made no charge of vagueness or overbreadth.

4. *See, e. g.*, United States v. Hartsook, 15 U.S.C.M.A. 291, 35 C.M.R. 263 (1965); United States v. McFarland, 19 U.S.C.M.A. 356, 41 C.M.R. 356 (1970).

5. As convening officer of the court martial, the commandant has the responsibility to review the trial court's decision and, if he agrees with it, to affirm the trial court's decision. 10 U.S.C. § 864.

peal. Here the Air Force Court of Military Review, after considering the trial record and the *ex parte* investigative report prepared for the commandant, denied the motion for a new trial.

■ The plaintiff contends that due process was violated because the application for a new trial was not referred to the court martial trial judge for his consideration. Alternatively, it is contended that the statutes which fail to require the reference to the trial judge of a motion for a new trial are constitutionally deficient. Plaintiff's contentions on this point cannot be sustained.

Before considering whether the new trial motion was disposed of by procedures of the military which satisfy the requirements of the Constitution, it is necessary to deal with a point which defendant raises. Defendant contends that there is no constitutional right to a new trial in the first place, so that any efforts by the Air Force to grant a new trial are gratuitous and thus not subject to challenge on constitutional grounds. Research has yielded very little law on this subject, though the legal encyclopedias support defendant's view that there is no constitutional right to a new trial. *See, e. g.,* 16 Am.Jur.2d Constitutional Law § 583: "Rehearings or new trials are not essential to due process of law, either in judicial or administrative proceedings."; *accord,* 58 Am.Jur.2d New Trial § 15. Whitley v. Superior Court, 18 Cal.2d 75, 113 P.2d 449 (1941), holds that there is no constitutional right to a new trial in a civil case.

Even assuming that the Constitution does not guarantee such a right in a criminal case, once the right is granted by statute a denial of due process may be found, apparently, if there are deficiencies in the way the right is implemented. *Compare* Griffin v. Illinois, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891 (1956), holding that, while there is no constitutional right to an appeal of a criminal case in a state court, once the right is granted it is subject to the strictures of due process and equal protection (indigent's right to trial record for

appeal). *See also* Burns v. Ohio, 360 U.S. 252, 79 S.Ct. 1164, 3 L.Ed.2d 1209 (1959) (unconstitutionality of filing fee for appeal as to indigents). Douglas v. California, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed. 811 (1963) (right to appointment of counsel on appeal). It should be noted, however, that while these decisions were purportedly based on both the due process and equal protection clauses, the denial of equal protection to indigents seemed to be the determining factor in each. There does seem to be a strong argument that here, where the Military Code mandates "action" by the appropriate appellate court, after referral from the Judge Advocate General, on a new trial petition, the court's action must comport with constitutional standards.

An analysis of whether the procedures that were utilized in this case satisfy the Constitution though the motion for a new trial was not referred to the trial judge for action must consider how the plaintiff herein would be benefited by having the trial judge act on his motion. The benefits to him seem to be the following:

(a) The trial judge is familiar with the evidence introduced at trial, has been able to judge the credibility of the various witnesses, and is best able to evaluate the possible effect of the new evidence.

(b) The trial judge can be counted upon to be impartial and to utilize fair and effective fact-finding procedures to test the validity of the new evidence.

Under the military justice system the trial judge was not available to consider the new evidence, the court martial's jurisdiction having terminated at the rendering of its decision. *See* Jackson v. Taylor, 353 U.S. 569, 77 S.Ct. 1027, 1 L. Ed.2d 1045 (1957), which approved the resentencing of a defendant by the appellate body instead of remanding the case to the court martial: "A court-martial has neither continuity nor situs and often sits to hear only a single case. Because of the nature of the military service, the members of a court-martial may be scattered throughout the world within a

short time after a trial is concluded." (at 579, 77 S.Ct. at 1033)

Defendant analogizes this situation to the expiration of the term of a trial judge. In the latter case, defendant contends that there is no arguable constitutional requirement that the judge who presided at trial decide the motion for a new trial if it comes after the expiration of his term. Defendant points out that the Supreme Court has authorized federal courts in habeas corpus proceedings to decide the sufficiency of evidence to show constitutional violations warranting a new trial. Townsend v. Sain, 372 U.S. 293, 317, 83 S.Ct. 745, 9 L.Ed.2d 770 (1962). Thus, defendant argues, the Court has recognized that motions for new trials need not always be heard by the trial judge.

■ Clearly, it is preferable for the judge who heard the evidence at trial, as opposed to another judge, to hear the motion for a new trial, as he thus "may utilize the knowledge he gained from presiding at the trial as well as the showing made on the motion" in making his determination. Brown v. United States, 333 F.2d 723, 724 (2d Cir. 1964). It could be argued that motions for new trials may be permissibly heard by someone other than the trial judge only where extraordinary circumstances mandate. Thus, arguably, the military's procedure for deciding new trial motions violated the accused's right to due process since it precluded a hearing before the trial judge even where such a hearing would be feasible.

Defendant points to Gusik v. Schilder, 340 U.S. 128, 71 S.Ct. 149, 95 L.Ed. 146 (1950), where a petitioner for habeas corpus relief from a court martial conviction was required to petition the Judge Advocate General for a new trial in order to exhaust his military remedies before coming to the federal courts. Defendant suggests that *Gusik* was a *sub silentio* approval of the military system for handling new trial motions. However, the adequacy of the system was not passed upon by the Court in that case.

The procedure by which the convening authority and the appellate court ascertained or sought to ascertain the factual basis and background for the new trial motion—the *ex parte* investigation—does not comport with generally accepted judicial methods for arriving at the truth. Two omissions present themselves in particular: (1) the failure to hold an evidentiary hearing at which plaintiff could present proofs and for which he would have the benefits of compulsory process, and (2) the failure to allow plaintiff's counsel to cross-examine those witnesses interviewed by the investigator upon whose report both the convening officer and the appellate court relied.

■ (1) There is no requirement that an evidentiary hearing be held whenever a defendant moves for a new trial. *See, e. g.,* United States v. Catalano, 491 F.2d 268 (2d Cir. 1974). *Compare* United States ex rel. Conomos v. LaVallee, 363 F.Supp. 994 (S.D.N.Y.1973), where a habeas corpus petitioner had sought a hearing in state court on his motion for a new trial on grounds of newly discovered evidence and the hearing had been denied. The federal court found that the denial raised no constitutional issue since the purported new evidence "obviously" was not newly discovered. There is no requirement of a hearing even where the judge considering the motion is not the one who presided at the original trial. United States v. Persico, 339 F.Supp. 1077 (E.D.N.Y.) aff'd 467 F.2d 485 (2d Cir. 1972), cert. denied 410 U.S. 946, 93 S.Ct. 1360, 35 L.Ed.2d 613 (1973).

Refusing to grant a hearing has, however, been held an abuse of discretion where a third party has confessed to the crime for which the defendant was convicted. In Casias v. United States, 337 F.2d 354 (10th Cir. 1964), it is said that: "No one can doubt that a confession by another party to the crime for which the petitioner has been tried and convicted, if discovered after conviction, would be grounds for a new trial. The integrity of the confession is a matter

within the province of the trial Court . . . .. We hold only that the petitioner is entitled to be heard on his motion, and the case is accordingly remanded for that purpose." (at 356)

Similarly, in DeBinder v. United States, 112 U.S.App.D.C. 343, 303 F.2d 203 (1962), the Court said at 204:

The credible confession of another to the commission of a crime for which an accused has been convicted is, of course, sufficient ground for a new trial. . . . This "confession" should be tested in open court. [The alleged confessor] should be given the opportunity to appear and testify at a hearing on appellant's motion for a new trial.

Older cases, however, hold that such confessions do not of themselves justify a new trial, even if believed. *See, e. g.,* Hauck v. Hiatt, 141 F.2d 812, 813 (3rd Cir. 1944), stating in such a situation that "if [petitioner] can demonstrate his innocence, his application should be to the President of the United States for executive clemency." *Accord,* Figueroa v. Saldana, 23 F.2d 327 (1st Cir. 1927). *Cf.* McGuire v. Hunter, 138 F.2d 379 (10th Cir. 1943).

It can be argued that the newer decisions are more consonant with modern law's elevation of justice over form, but there is still an open question whether what amounts to an abuse of discretion by a trial judge in refusing to grant a hearing on a new trial motion brought pursuant to Rule 33, Fed.R.Crim.P., would constitute a denial of due process by a tribunal not subject to that rule.

(2) Where a hearing is not held on a new trial motion, judges usually rely upon affidavits or depositions to resolve the factual issues presented. An *ex parte* investigation by a judge on a motion for a new trial has been characterized as "[s]o fraught with possible injustice and peril to the rights of a party" as to be reversible error where the investigation partially influenced the judge's decision. Gordon v. United States, 178 F.2d 896, 901 (6th Cir. 1949), cert. denied, 339 U.S. 935, 70 S.Ct. 664, 94 L.Ed. 1353 (1950). (In *Gordon* the District Court's decision was sustained on other grounds.) Similarly, it has been held error for a judge to take oral testimony on a motion for a new trial and not allow the defendant to cross-examine the witness. State v. Ward, 135 Wash. 482, 238 P. 11 (1925).

While it may be argued that the failure of the military authorities to utilize normal judicial adversary proceedings in ascertaining the facts behind plaintiff's motion for a new trial is a denial of his right to due process of law guaranteed by the Fifth Amendment, there is no authority to support this proposition directly. The failure to allow plaintiff's counsel to participate in the fact-finding procedure does, however, at least arguably violate plaintiff's Sixth Amendment right to the assistance of counsel under the language of United States v. Wade, 388 U.S. 218, 224, 87 S.Ct. 1926, 1931, 18 L.Ed.2d 1149 (1967), which interpreted that amendment to require that a criminal defendant's counsel be present at all "critical stages of the proceedings". (There counsel were required at pretrial line-ups.) It can be argued that the fact-finding process upon which a motion for a new trial is decided is such a "critical stage".

The argument that the new trial motion should have been considered by the trial judge because of his trial experience and that failure to have the motion considered by the trial judge is thus a violation of due process does not seem convincing in light of the authorities. There is no authority that failure to hold an evidentiary hearing on the motion in these circumstances is a violation of due process, though there is some authority that it would be an abuse of discretion for a judge subject to Rule 33, Fed.R.Crim.P. The argument that the reliance of the decision-makers here upon an *ex parte investigation* to resolve the factual issues is a denial of due process and a violation of plaintiff's Sixth Amendment right to counsel has super-

ficial plausibility only, since motions for a new trial may be decided without an evidentiary hearing.

Since the issue before this Court is whether the procedure by which the new trial motion was considered was proper, rather than whether plaintiff should have been granted a new trial, a hearing on the question of whether he should be given a new trial would not be warranted.

■ Other grounds urged by plaintiff for overturning his assault conviction are also without merit. His contention that the conviction must be set aside because he was found guilty by a non-unanimous jury cannot be sustained. Plaintiff points to Johnson v. Louisiana, 406 U.S. 356, 92 S.Ct. 1620, 32 L.Ed.2d 152 (1972), in which the Supreme Court, by a 4–1–4 vote, affirmed the constitutionality of non-unanimous juries in state criminal proceedings. Mr. Justice Powell in concurrence indicated that he would decide differently if the Court were considering federal trials, thus providing a five man majority which would hold non-unanimous federal jury convictions to be unconstitutional. However, Justice Powell predicated his view upon the theory that the Sixth Amendment in its entirety did not apply to the states. The Sixth Amendment right to a jury trial does not apply to military courts, Whelchel v. McDonald, 340 U.S. 122, 127, 71 S.Ct. 146, 95 L.Ed. 141 (1950). Thus it would seem to follow from the view expressed in *Johnson* that Justice Powell could not be expected to hold that unanimous juries are constitutionally required in military courts.

■ Plaintiff contends that the line-up in which he was first identified by the victim of the assault was improperly suggestive. Assuming *arguendo* that he is correct, the applicable test is "whether under the 'totality of the circumstances' the identification was reliable even though the confrontation procedure was suggestive." Neil v. Biggers, 409 U.S. 188, 199, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972). Many different factors must be considered in determining the reliability of an identification, *Neil, supra,* at 199–200, 93 S.Ct. 375, 382, and the determination is best made by the trial judge who has seen and heard the witnesses. For that reason, resolution of this question upon habeas corpus review "marks the rare exception." United States ex rel. Phipps v. Follette, 428 F.2d 912, 916 (2d Cir.), cert. denied, 400 U.S. 908, 91 S.Ct. 151, 27 L.Ed.2d 146 (1970). Here the trial judge gave the plaintiff the opportunity to object to the line-up at a hearing held before the jury was brought in; plaintiff declined to do so.[6] Plaintiff was allowed to examine the man who was responsible for the line-up in some detail at trial, in an apparent attempt to discredit the identification in the minds of the jury.[7] Under these circumstances, it would not be appropriate for this Court to now consider *de novo* the question of the validity of the identification made at and subsequent to the line-up.

The two complaints in this case are dismissed. Plaintiff's motions for summary judgment are denied. Defendant's cross-motions for judgment in his favor on the pleadings are granted.

So ordered.

---

6. Court martial transcript at 21. The transcripts of both courts martial were submitted to this Court and have been considered for the purposes of this opinion.

7. Transcript at 163 and following pages. See also transcript at 316–18. Defense counsel argued the suggestiveness of the line-up procedure to the jury during his summation. Transcript at 358–59.