**UNITED BRANDS COMPANY, Plaintiff,**

v.

**INTERMEDIATE CREDIT CORPORA-
TION and Metals Holding
Corporation, Defendants.**

**No. 75 Civ. 6034 (HFW).**

United States District Court,
S. D. New York.

May 26, 1977.

Chadbourne, Parke, Whiteside & Wolff, New York City, for plaintiff; Donald I. Strauber, Richard J. Ney, New York City, of counsel.

Satterlee & Stephens, New York City by Henry J. Formon, Jr., John T. Schmidt, New York City, for Intermediate Credit Corp.

MEMORANDUM DECISION

WERKER, District Judge.

United Brands Company ("United") has moved for rehearing and reconsideration of its motion for summary judgment against Intermediate Credit Corporation which was denied on January 12, 1977. (My prior opinion has been reported at 426 F.Supp.

856.) The motion was filed on January 25, 1977, more than ten days after the court's original determination, and consequently is clearly untimely under Rule 9(m) of the General Rules for this court. Rule 59(a) of the Federal Rules of Civil Procedure, under which it purportedly is brought, also affords no basis for relief, for even if that rule applies to motions, *see Ionian Shipping Company v. Tyson Shipping Co.*, 49 F.R.D. 334 (S.D.N.Y.1969), adequate cause for a rehearing has not been shown. So that there will be no uncertainty as to the meaning of the court's earlier decision, however, United's motion for rehearing and reconsideration will be granted in the exercise of this court's discretion. *See Zucker v. Sable*, 426 F.Supp. 658, 663 (S.D.N.Y.1976). But, on rehearing the court only intends to address those "new" matters which have been raised in United's motion papers.

United argues, in essence, that even if the submission of financial reports fell within the exception to acceleration for matters relating to "payments of principal and interest," Metals Holding Corporation ("Metals") still was in default under other provisions of the June 26, 1973 agreement among the parties ("Agreement"). It is true, as United observes, that notwithstanding the exception to acceleration discussed in the court's earlier decision,[1] paragraph 8(d) of the Agreement goes on to provide that

> in the event Metals fails to make payment of principal hereunder when due, it shall have the right upon the occasion of the first such default to cure such default by making payment within seven (7) days after notice by United of such occurrence of such event of default. Any subsequent non-payment shall not require notice nor shall Metals have the right to cure such default.

However, none of the notices relied upon by United is adequate for judgment to be awarded as a matter of law.

1. The exception to acceleration is found in paragraph 8(d) of the Agreement. 426 F.Supp. at 858.

2. Technically, the Agreement required that notice be sent to C. N. Bellm. However, by August 29, 1975, Metals had been purchased by

The Agreement states that notice to Metals will be deemed adequate if it is given to C. N. Bellm by registered or certified mail (return receipt requested) with a duplicate copy sent by telegram.

On July 15, 1975, Suzanne Chinn, Banking and Cash Manager for United, sent Leland Boren, president of the Avis Industrial Corporation, ("Avis") a letter in which she observed that "since the payment for the March quarter was due no later than May 15, 1975, we would appreciate your help in this matter." Chinn also asked that payment be sent to United's office in Boston. But it stretches credulity to suggest that this letter constitutes formal notice of an event of default since it fails to use that term and on its face appears not to have been sent in the manner contemplated by the parties.[2] Furthermore, in an affidavit made in support of the United summary judgment motion, Chinn states that the letter "requested" payment, not that it was intended to serve as notice of Metals' default.

Boren was also asked "to bring the Metals' obligation current within seven days" at a meeting held on August 20, 1975 in United's Boston offices. But, again, there is no indication that this request was meant to serve as a formal notice of default under the Agreement or, indeed, that it could.

Still, it is clear that United did intend to accelerate Metals' obligation under the Agreement by August 29, 1975. On that date, United, by its treasurer, Patrick H. Brangwynne, notified Metals (in care of C. N. Bellm) that Metals was

> in default under the Agreement dated June 26, 1973 among [United], [Metals] and [Intermediate] by reason of [its] failure to cause to be delivered to [United] copies of financial reports as specified in

General George Olmstead, Chairman of Avis' parent company. Whether notice to the president of Avis met United's obligations to Metals under the Agreement is therefore also subject to question.

Paragraph 9a and b of the Agreement within the required times after the close of the 1974 fiscal year of Marion Malleable Iron Works, Inc., and after the close of [Marion's] last 1974 fiscal quarter and [Marion's] first 1975 fiscal quarter.

In contrast to the other notices relied upon by United, this one was given in strict accordance with the procedures authorized in the Agreement. It was sent to C. N. Bellm, the agent designated in the Agreement, by certified airmail with a return receipt requested; a duplicate of both the letter and the telegram were sent to Intermediate as Metals' guarantor. Nevertheless, the notice does not rely upon Metals' failure to make payments of principal when due. Therefore, it may well fall within the exception to the acceleration clause noted in the court's prior opinion.[3] If so, United's letter did not give notice of an actual event of default and cannot justify acceleration of Metals' obligations to United. Recovery under the alternative language in the Agreement also would not be possible since the event relied upon in Brangwynne's letter was not Metals' failure to make payments of principal, but rather its failure to submit financial reports then due.

Accordingly, United still has not shown that it is entitled to recover, as a matter of law, under paragraph 8 of the Agreement and therefore cannot be awarded judgment at this time. Consequently, on rehearing, United's motion for summary judgment is once again denied.

SO ORDERED.