■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWARDO LOPEZ, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Kings County (Sangiorgio, J.), rendered March 8, 1982, convicting him of murder in the second degree (felony murder), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, without a hearing, of defendant's motion to set aside the verdict and for a new trial on the ground of newly discovered evidence pursuant to CPL 330.30 (subd 3).

Judgment affirmed.

We strongly disapprove of some of the remarks made by the prosecutor during his summation, including characterizing the purported "testimony" of an uncalled witness as cumulative (see People v Wright, 41 NY2d 172, 176) and drawing inferences not supported by the record (see People v Ashwal, 39 NY2d 105, 108-110; People v Bonaparte, 98 AD2d 778). Nevertheless, we conclude that the prosecutor's misstatements were not sufficiently prejudicial to deprive defendant of a fair trial.

At the sentencing proceeding, defendant's attorney moved orally to set aside the verdict based upon a letter written to defendant after the trial by one of the two major prosecution witnesses. It appears that defense counsel did not have prior knowledge of the letter in question, which he read into the record after translating it from Spanish. In her letter, the witness alleged that the District Attorney's office had coerced her into testifying at the trial against defendant, contrary to her personal opinion that he was not guilty of the murder. The witness also stated that she believed defendant had been forced into the apartment where the crime had occurred by the two other perpetrators. We conclude that the Trial Judge did not abuse his discretion when he summarily denied the defense

motion without a hearing. The motion at issue, which was based upon new evidence discovered since the trial (see CPL 330.30, subd 3), was not brought in accordance with the requirements of CPL 330.40 (subd 2, par [a]). Pursuant to the latter statutory provision, a "motion to set aside a verdict based upon a ground specified in subdivisions two and three of section 330.30 * * * must be in writing and upon reasonable notice to the people" and must be supported by moving papers, usually in the form of affidavits, containing "sworn allegations, whether by the defendant or by another person or persons, of the occurrence or existence of all [essential] facts". The unsworn statements in the letter of the witness constitute hearsay and, thus, do not satisfy the above requirements (see *People v Shilitano,* 215 NY 715; *People v Bartholomew,* 73 Misc 2d 541, 543-544, affd 56 AD2d 633). Mangano, J. P., Gibbons, O'Connor and Boyers, JJ., concur.