■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY TORRES, Appellant. [640 NYS2d 796] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Lipp, J.), rendered October 20, 1994, convicting him of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see,* CPL 470.15 [5]).

The court did not improvidently exercise its discretion in denying the defendant's motion to set aside the verdict. Defense counsel failed to include affidavits in compliance with CPL 330.40 (2) that are required to support a motion under subdivisions (2) and (3) of CPL 330.30 (*see also, People v Lopez,* 104 AD2d 904).

The defendant's remaining contentions are without merit. Balletta, J. P., Santucci, Krausman and Florio, JJ., concur.

(April 9, 1996)

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. CARMEN VELASQUEZ PERALTO, on Behalf of JULIO HERRERA, Petitioner, v NEW YORK CITY DEPARTMENT OF CORRECTION, Respondent. [640 NYS2d 813] —Writ of habeas corpus to release the defendant on his own recognizance, or, in the alternative, fixing bail under Queens County Indictment No. 1392/95.

Adjudged that the writ is sustained, without costs or disbursements, to the extent of fixing bail on Queens County Indictment No. 1392/95 in the sum of $25,000, which may be posted in the form of an insurance company bail bond in that sum or by depositing the same sum as a cash bail alternative. Thompson, J. P., Altman, Goldstein and McGinity, JJ., concur.