Memorandum. In light of the invulnerable finding that the witness Carmen Jiminez had ample opportunity to observe the defendant at the time of the burglary, we hold that her in-court identification of the defendant had an independent source and was not tainted by any suggestive identification at the station house (see People v Cobenais, 39 NY2d 968; People *835 v Carter, 30 NY2d 279, 283; cf. Neil v Biggers, 409 US 188, 199-201).
We also reject the defendant’s claim, made at the Appellate Division and in this court, that the in-court identification by the witness Norma Jiminez was tainted by a suggestive confrontation while testifying at the identification suppression hearing. The hearing Judge, who, of course, was afforded the opportunity to observe her while she testified, found that her identification was the product of her own independent recollection and was not tainted by any improper confrontation. This finding, too, was affirmed by the Appellate Division. It is of interest to also note that when asked at the hearing if she saw the man who perpetrated the crime in the courtroom, and when she then identified the defendant, no question was then raised as to the propriety of this procedure.
Finally, we find no merit to defendant’s contention that the Trial Judge improperly marshaled the evidence (compare People v Bell, 38 NY2d 116).
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler and Fuchsberg concur; Judge Cooke dissents and votes to reverse for the reasons stated in the dissenting memorandum by Mr. Justice Charles Margett at the Appellate Division (52 AD2d 640-645).
Order affirmed in a memorandum.