■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWARD FRAWLEY, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Chetta, J.), rendered October 1, 1982, convicting him of murder in the second degree (two counts) and robbery in the first degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Two witnesses were unable to select the defendant at sepa-

rate lineups. However, shortly after he viewed the lineup, the witness Gary Thompson told the police that he had made a mistake in his selection. Thompson related that the person who he recognized from the incident was the defendant. The other witness, Martin Lenehan, testified that he recognized the defendant at the lineup, but failed to select him because he was not absolutely certain as to the identification. Lenehan did not relate this fact to law enforcement personnel at the time of the lineup. There is no evidence that the police, in any manner, influenced either witness after they viewed the line-ups. The defendant contends that the two witnesses' subsequent rectifications of their respective failures to select him undermined their credibility to the extent that any in-court identification was inherently unreliable. We disagree.

Inasmuch as there is no evidence to indicate that law enforcement personnel influenced either Lenehan or Thompson, the identification procedures were not impermissibly suggestive (see, People v Ramos, 52 AD2d 640, affd 42 NY2d 834; cf., People v Boyce, 89 AD2d 623). In any event, after reviewing the record, we find no basis for a determination that the two witnesses' rectification testimony was so inherently unreliable as to preclude in-court identifications of the defendant.

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Thompson, J. P., Lawrence, Weinstein and Harwood, JJ., concur.