■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID K. WONG, Appellant.—Appeal by the defendant from a judgment of the County Court, Suffolk County (Copertino, J.), rendered July 16, 1984, convicting him of robbery in the first degree, grand larceny in the first degree, and criminal possession of stolen property in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the

defendant's omnibus motion which were to suppress lineup and voice identifications of him.

Ordered that the judgment is affirmed.

The defendant contends that the indictment did not adequately apprise him of the operative facts constituting the instant crime. The proper method for challenging the adequacy of an indictment is by a pretrial motion to dismiss (see, CPL 210.20, 210.25). Inasmuch as the defendant did not raise this issue in his omnibus motion, it is not preserved for appellate review (see, People v Iannone, 45 NY2d 589, 600; People v Smith, 113 AD2d 905, 907). In any event, the form of the indictment is proper in that it sufficiently sets forth a plain and concise statement of the facts supporting each element of the crimes charged (see, CPL 200.50 [7] [a]).

We further find that, under all of the circumstances, the lineup procedure was not impermissibly suggestive (see, Stovall v Denno, 388 US 293; Simmons v United States, 390 US 377). In this regard, there is no evidence that the police influenced the complainant in selecting the defendant. Moreover, the fillers possessed physical characteristics reasonably similar to those of the defendant (see, People v Burwell, 26 NY2d 331; People v Lebron, 46 AD2d 776). Thus, there is no basis to suppress the complainant's visual identification of the defendant.

The defendant further contends that the complainant's voice identification of him was violative of due process. In this regard, voice identifications must be measured by the same due process considerations that apply to visual identifications (see, People v Collins, 60 NY2d 214). However, in the absence of some improper conduct by law enforcement officials there is no Due Process Clause violation (see, People v Ramos, 52 AD2d 640, 644, affd 42 NY2d 834; People v Frawley, 131 AD2d 504). The evidence adduced at the pretrial hearing demonstrated that the voice identification was requested by the complainant without any prompting by the police and thus was not impermissibly suggestive.

We have examined the defendant's remaining contentions, including those raised in his pro se brief, and conclude that they are unpreserved for appellate review or without merit. Mangano, J. P., Bracken, Kunzeman and Harwood, JJ., concur.