■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DOMINGO WILSON, Appellant.—Yesawich, Jr., J. Appeal from a judgment of the County Court of Sullivan County (Hanofee, J.), rendered March 31, 1988, convicting defendant upon his plea of guilty of the crimes of promoting prison contraband in the first degree and criminal possession of a weapon in the third degree.

Defendant, who pleaded guilty following a *Wade* hearing, contends that County Court erred in failing to preclude the victim, Emanual Brown, a fellow inmate at Woodbourne Correctional Facility in Sullivan County, from identifying defendant in court as the individual who had stabbed Brown. At the *Wade* hearing, Brown testified that he first saw defendant in the facility's brightly lit cafeteria the morning he was assaulted. While in line for breakfast, he selected four boxes of cereal. Defendant, who was behind the food counter, informed Brown that he was only permitted to take two. The two prisoners argued for five minutes about the allowable number of cereal boxes, then Brown continued on his way. Brown next saw defendant in the stairwell of his dormitory. When Brown passed him, defendant stabbed him in the back with a knife. As Brown fell to the ground on his side he saw defendant holding the knife. Brown then fled the scene. At the infirmary, he reported the incident to a correction officer. This officer photocopied three inmate photographs, including defendant's, and showed them to Brown, who singled out defendant as the individual who had attacked him.

Defendant argues that the photocopy identification of him was so impermissibly suggestive as to vitiate any independent source Brown had for identifying defendant in court. Brown, however, had ample opportunity to observe defendant prior to the tainted pretrial identification procedure, first in the well-lit breakfast area and then immediately prior, during and after the actual assault. Moreover, Brown accurately described defendant to the correction officer before he was ever shown the photographs. County Court quite rightly found that a reliable independent basis existed for Brown to identify defendant in court (see, People v Ramos, 42 NY2d 834, 835).

Judgment affirmed. Kane, J. P., Casey, Mikoll, Yesawich, Jr., and Levine, JJ., concur.