■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WARREN KEITH STREETER, Appellant.—Judgment, Supreme Court, New York County (Rose Rubin, J.), rendered November 7, 1988, convicting defendant, after a jury trial, of murder in the second degree and robbery in the first degree and sentencing him to concurrent indeterminate terms of imprisonment of 25 years to life and 8⅓ to 25 years, respectively, unanimously affirmed.

This conviction arose out of defendant's robbery and killing of a cab driver on West 181st Street near Cabrini Boulevard, in Manhattan. When the cab driver resisted defendant's demand of money, defendant shot him in the head, and the cab careened back and forth across the street, hitting parked cars, finally crashing into the car of one of the witnesses. Numerous witnesses observed the assailant emerge from the vehicle and flee. Initially, we note that there exists no evidence to indicate

that law enforcement personnel influenced any of the witnesses during identification procedures, or thereafter. Nor is there any basis to conclude that the witness's identification testimony was so inherently unreliable as to preclude in-court identification of the defendant. *(See, People v Frawley,* 131 AD2d 504, 505, *lv denied* 70 NY2d 711.)

Viewing the evidence in a light most favorable to the People *(People v Malizia,* 62 NY2d 755, *cert denied* 469 US 932), and giving due weight to the jury's assessment of issues of credibility *(People v Kennedy,* 47 NY2d 196, 203), defendant's guilt was proven beyond a reasonable doubt by overwhelming evidence. Drug abuse by a witness does not, by itself, discredit his testimony as a matter of law. *(See, People v Blanco,* 158 AD2d 347, *lv denied* 76 NY2d 731.) Evidence that a latent fingerprint lifted from an inside window in the cab, which defendant was seen by a witness to touch, matched one of defendant's fingerprints by itself provided compelling evidence of guilt. *(People v Gates,* 24 NY2d 666.)

Defendant has not preserved for review any claim that the court denied him access to a potential witness. In any event, that claim is meritless. Defendant never sought a subpoena or other court order to secure the attendance of this witness. Defendant failed to make charge requests at the conclusion of the evidence, and never objected to the charge as given. There is no reason to review in the interest of justice.

We have examined defendant's remaining contentions and find them to be without merit. Concur—Rosenberger, J. P., Ellerin, Wallach, Smith and Rubin, JJ.