■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEMUEL LYKES, Appellant.—Judgment unanimously affirmed. Memorandum: On appeal from his conviction after a jury trial of sexual abuse in the first degree and endangering the welfare of a child, defendant contends that the trial court erred in corresponding with the jury in the absence of defendant or his counsel; that the evidence was insufficient to corroborate the testimony of the five-year-old victim; that the court's charge on reasonable doubt deprived defendant of a fair trial; and that the sentence is harsh and excessive. None of defendant's arguments has merit.

After the jury commenced deliberations, the trial court received a jury note requesting "Legal terminology about charges brought against defendant on all three counts." The court, without advising counsel, responded in writing by asking whether the jury wanted the legal definition of each crime charged, the elements repeated, or something else. The jury responded that it wanted re-instruction on the legal definition of each crime charged. The court then recalled the jury and, in the presence of counsel and defendant, read the jury's second request and proceeded to re-instruct the jury on the statutory definitions of each crime. Defendant raised no objection to the court's procedure or to its re-instruction. Defendant contends that the court committed reversible error by failing to notify counsel of the jury's initial request and in seeking a clarification of the jury's request without affording counsel an opportunity to comment on the court's response. We disagree. Defense counsel was not denied the opportunity to provide input regarding a substantive response or re-instruction to the

jury *(cf., People v O'Rama,* 78 NY2d 270). The court merely sought to clarify the nature of the jury request and there is no suggestion that defendant was prejudiced thereby. Although the court's failure to inform counsel of the jury's initial communication was not error in this case, the trial court should inform counsel of each jury communication and afford counsel the opportunity to contribute to the appropriate response.

There is no merit to defendant's contention that the evidence was insufficient to corroborate the unsworn testimony of the five-year-old victim. The victim's mother testified that she observed defendant zipping his pants as he left the bedroom where her son had been sleeping and that her son said that defendant tried to do something nasty to him. A forensic chemist testified that his examination of defendant's clothes revealed fecal matter on the bottom portion of defendant's shirt and the fly area of defendant's pants. That evidence tended "to establish the crime and that defendant committed it" *(People v Groff,* 71 NY2d 101, 109; *see also, People v Kulakowski,* 135 AD2d 1119, *lv denied* 70 NY2d 1007, 72 NY2d 912).

Defendant's contention that the court erred in its jury instruction on reasonable doubt was not preserved for appellate review, and reversal in the interest of justice is not warranted *(see, People v Cooper,* 147 AD2d 926, *lv denied* 74 NY2d 738). Imposition of the maximum indeterminate term of imprisonment on the conviction for sexual abuse in the first degree was not, in the circumstances of this case, harsh or excessive. (Appeal from Judgment of Erie County Court, La Mendola, J.—Sexual Abuse, 1st Degree.) Present—Denman, P. J., Doerr, Boomer, Pine and Balio, JJ.