■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LINO SOMARRIBA, Appellant. [597 NYS2d 32] —Judgment, Supreme Court, New York County (Jerome Marks, J.), rendered March 20, 1991, convicting defendant, after a nonjury trial, of criminal possession of a controlled substance in the seventh

degree, and sentencing him to a conditional discharge, unanimously affirmed.

Defendant absented himself for almost six years after a bench warrant was issued. At the time of his trial, more than seven years after the drug sale, the memory of the police officers and the Police Department chemists had dimmed, two of the police officers' reports had been lost and the narcotics recovered from defendant destroyed. To overcome these obstacles caused by defendant's lengthy absence, the People's case was dependent upon the witnesses' past recollection recorded, admitted in the form of reports and notes. The court imposed an adverse inference charge as a sanction for the loss of the two reports.

The past recollection evidence was properly admitted after testimony established the foundation for their admission. Once such a foundation is laid, the reports were properly admitted as evidence in chief and, in the case of each report, became "part of the witness' present testimony" (People v Caprio, 25 AD2d 145, 150, affd 18 NY2d 617). The witness' foundation testimony and the report's contents are "to be taken together and treated in combination as if the witness had testified to the contents of the writing based on present knowledge." (People v Taylor, 80 NY2d 1, 9.) There is no requirement, as defendant argues, that evidence in the form of past recollection recorded be corroborated by the witness' independent recollection of the event or by a "general present memory of what was happening." Indeed, the witness must swear that he or she "has no present recollection whatever of the facts sworn to." (Russell v Hudson Riv. R. R. Co., 17 NY 134, 139-140.) All that is required is a showing that "the witness observed the matter recorded, the recollection was fairly fresh when recorded or adopted, the witness can presently testify that the record correctly represented his knowledge and recollection when made, and the witness lacks sufficient present recollection of the recorded information." (People v Taylor, supra, at 8.) The limitation on admissibility urged by defendant would, of course, swallow the entire exception to the hearsay rule for past recollection recorded.

Defendant has waived his claim that the indictment is defective by not timely raising it in the court of first instance (People v Iannone, 45 NY2d 589, 600), and we decline to review in the interest of justice. So much of defendant's speedy trial claim as is based on the People's failure to show that they exercised due diligence during a period of his absence is also unpreserved (People v Muhanimac, 181 AD2d

464, 465, *lv denied* 79 NY2d 1052), and we decline to review in the interest of justice. We have considered defendant's remaining speedy trial claims and find them to be without merit. Concur—Sullivan, J. P., Carro, Kupferman and Rubin, JJ.