■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARMEN RUSSO, Appellant. [723 NYS2d 917] —Case held, decision reserved and matter remitted to Chautauqua County Court for further proceedings in accordance with the following Memorandum: On appeal from a judgment convicting him after a jury trial of murder in the second degree (Penal Law § 125.25 [1]), defendant contends, inter alia, that County Court violated his constitutional (see, Snyder v Massachusetts, 291 US 97, 105-106; People v Dokes, 79 NY2d 656, 659) and statutory (see, CPL 260.20, 310.30; People v Rodriguez, 85 NY2d 586, 590) rights to be present at all material stages of the trial. Specifically, defendant contends that he was denied the right to be present at certain pretrial, sidebar and charge conferences. He also contends that he was denied the right to be present during the court's handling of jury notes and during the readback of the jury charge. The record is insufficient to enable us to review those contentions. We therefore hold the case, reserve decision and remit the matter to Chautauqua County Court for a reconstruction hearing to determine whether defendant was present for the aforementioned pretrial, sidebar and charge conferences and handling of jury notes

and, if not, whether "only questions of law or procedure" were involved such that defendant's presence was not required (*People v Rodriguez, supra,* at 591). In addition, upon remittal the court must determine whether defendant was present during the readback of the jury charge. We have considered defendant's remaining contentions and conclude that they are without merit. (Appeal from Judgment of Chautauqua County Court, Ward, J.—Murder, 2nd Degree.) Present—Pigott, Jr., P. J., Green, Kehoe, Burns and Lawton, JJ.