■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TREMAYNE JONES, Appellant. [771 NYS2d 441]—

Appeal from a judgment of the Supreme Court, Onondaga County (John J. Brunetti, A.J.), rendered September 4, 2002.

The judgment convicted defendant, upon a jury verdict, of manslaughter in the first degree, criminal possession of a weapon in the second degree and attempted assault in the first degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him after a jury trial of manslaughter in the first degree (Penal Law § 125.20 [1]), criminal possession of a weapon in the second degree (§ 265.03 [2]) and attempted assault in the first degree (§§ 110.00, 120.10 [1]). Contrary to defendant's contention, the verdict is not against the weight of the evidence. The evidence establishes that, at the time of the incident, defendant possessed a firearm and engaged in a shootout with the victim and another individual. The victim sustained injuries in the shootout that eventually caused his death. Although defendant contended that he was an unwilling participant and that he fired only in self-defense, we perceive no reason to disturb the jury's resolution of that credibility issue (*see People v Williams*, 291 AD2d 897, 898 [2002], *lv denied* 97 NY2d 763 [2002]; *People v Hernandez*, 288 AD2d 489, 490 [2001], *lv denied* 97 NY2d 729 [2002]).

Contrary to the further contention of defendant, the fact that his codefendant received a lesser sentence following his plea of guilty does not render defendant's sentence unduly harsh or severe. "Given that the *quid pro quo* of the bargaining process will almost necessarily involve offers to moderate sentences that ordinarily would be greater . . ., it is also to be anticipated that sentences handed out after trial may be more severe than those proposed in connection with a plea" (*People v Pena*, 50 NY2d 400, 412 [1980], *rearg denied* 51 NY2d 770 [1980], *cert denied* 449 US 1087 [1981]). In any event, Supreme Court noted at sentencing that the codefendant had a minimal criminal background and had cooperated with the police in their investigation, while defendant had a lengthy criminal background and did not cooperate with the police. Defendant's *Batson* challenge is similarly lacking in merit. The prosecutor's single peremptory challenge to a black prospective juror did not establish "a 'pattern of purposeful exclusion sufficient to raise an inference of discrimination' " (*People v Childress*, 81 NY2d 263, 267 [1993]). Finally, the court properly submitted the charge of criminal possession of a weapon to the jury inasmuch as the evidence established that defendant possessed a loaded gun and used it unlawfully (*see* Penal Law § 265.03 [2]), and the court properly charged the jury that defendant could be found guilty as either an accessory or a principal (*see People v Rivera*, 84 NY2d 766, 769-772 [1995]; *People v Duncan*, 46 NY2d 74,

79-80 [1978], *rearg denied* 46 NY2d 940 [1979], *cert denied* 442 US 910 [1979], *rearg dismissed* 56 NY2d 646 [1982]).

We have reviewed defendant's remaining contentions and conclude that they are without merit. Present—Green, J.P., Wisner, Scudder, Gorski and Lawton, JJ.