Appeal from a judgment of the Supreme Court, Erie County (Christopher J. Burns, J.), rendered March 27, 2007. The judgment convicted defendant, upon a jury verdict, of criminal possession of a weapon in the third degree.
It is hereby ordered that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him upon a jury verdict of criminal possession of a weapon in the third degree (Penal Law § 265.02 [former (4)]), defendant contends that the People’s alleged loss or destruction of a tape recorded conversation constituted a Rosario violation for which Supreme Court was required to impose sanctions. We reject that contention. Defendant “fail[ed] to make an unambiguous objection when [that] violation was first noted and . . . indicated] to the . . . court through his equivocal statements that no remedy was desired” (People v Rogelio, 79 NY2d 843, 844 [1992]). Contrary to the further contention of defendant, there is no merit to his Batson challenge. “The prosecutor’s single peremptory challenge to a black prospective juror did not establish a pattern of purposeful exclusion sufficient to raise an inference of discrimination” (People v Jones, 4 AD3d 796, 797 [2004], lv denied 2 NY3d 801 [2004] [internal quotation marks omitted]). We reject defendant’s contention that the verdict is against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). “The jury was entitled to resolve issues of credibility in favor of the People . . ., and it cannot be said that the jury failed to give the evidence the weight it should be accorded” (People v Walek, 28 AD3d 1246, 1246 [2006], lv denied 7 NY3d 764 [2006]).
We reject the further contention of defendant that he was denied effective assistance of counsel (see generally People v Baldi, 54 NY2d 137, 147 [1981]), as well as his challenge to the severity of the sentence. We have considered defendant’s remaining contentions and conclude that they are without merit. Present—Smith, J.P, Centra, Lunn, Fahey and Green, JJ.