THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v OTIS BRYANT, Appellant. [919 NYS2d 341]—

The defendant's contention that the Supreme Court's procedure for handling two jury notes violated the procedure enunciated by the Court of Appeals in *People v O'Rama* (78 NY2d 270, 277-278 [1991]) is unpreserved for appellate review (*see People v Ramirez*, 15 NY3d 824 [2010]; *People v Mateo*, 53 AD3d 1111, 1112 [2008]; *People v Battle*, 15 AD3d 413, 414 [2005]; *People v Mitchell*, 2 AD3d 145, 148 [2003]; *People v Neal*, 268 AD2d 307 [2000]; *People v Burgos*, 248 AD2d 547 [1998]), and we decline to reach it in the exercise of our interest of justice jurisdiction. Since the jury merely requested readbacks of certain testimony and of the definitions of certain crimes, and to be provided with certain evidence, the alleged error did not constitute a mode of proceedings error which would obviate the preservation requirement (*see People v Starling*, 85 NY2d 509 [1995]; *cf. People v Cook*, 85 NY2d 928 [1995]).

Additionally, contrary to the defendant's contention, the fact that his codefendant received a lesser sentence following a plea of guilty does not render the defendant's sentence excessive under the circumstances of this case (*see People v Murad*, 55 AD3d 754, 756 [2008]; *People v Jones*, 4 AD3d 796, 797 [2004]; *cf. People v Versaggi*, 296 AD2d 429, 430 [2002]). Dillon, J.P., Covello, Florio and Hall, JJ., concur.