█ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEVEN GERRARA, Appellant. [930 NYS2d 646]—

The defendant was arrested and charged with numerous crimes as the result of a long-term police investigation into alleged trafficking involving the importation of cocaine from the nation of Guyana into the United States for sale in New York. He was tried jointly with a codefendant, Ansel Gouveia (*see People v Gouveia,* 88 AD3d 814 [2011] [decided herewith]). One other codefendant, Wayne Chan, with whom both the defendant and Gouveia were being jointly tried, entered a plea of guilty midtrial, and offered testimony against the defendant and Gouveia. Following trial, the jury found the defendant guilty of criminal sale of a controlled substance in the first degree, criminal possession of a controlled substance in the third degree, and two counts of conspiracy in the second degree.

The defendant failed to meet his burden of showing that Chan's testimony should have been precluded on the ground that it contained confidential communications made in the course of mounting a common defense and, thus, was protected by the attorney-client privilege (*see People v Osorio,* 75 NY2d 80, 84-85 [1989]). Likewise, the defendant's contention that Chan's testimony was improperly admitted into evidence at trial because Chan was an agent of the police is without merit (*see Massiah v United States,* 377 US 201, 206 [1964]).

The defendant has not preserved for appellate review his contention that the trial court erred in admitting into evidence a suitcase containing 15 kilos of cocaine recovered from an informant's car and a laptop bag together with its contents, because their chain of custody was not established (*see* CPL 470.05 [2]; *People v Young,* 220 AD2d 789 [1995]; *People v Jackson,* 199 AD2d 535 [1993]), and we decline to review it in the exercise of our interest of justice jurisdiction.

Contrary to the defendant's contention, he was not deprived of the effective assistance of counsel, as counsel provided meaningful representation (*see People v Benevento,* 91 NY2d 708, 712-714 [1998]; *People v Baldi,* 54 NY2d 137, 147 [1981]).

The defendant contends that the trial court violated CPL 310.30, and the procedure enunciated by the Court of Appeals in *People v O'Rama* (78 NY2d 270, 277-278 [1991]), in handling certain jury notes. The record reveals that the jury inquiries were purely ministerial in nature: requests to view evidence, read-backs of testimony, and/or read-backs of the trial court's jury charge. Since the notes were not substantive, any failure by the trial court to comply with CPL 310.30 did not constitute a mode of proceeding error (*see People v O'Rama,* 78 NY2d 270 [1991]; *People v Lockley,* 84 AD3d 836, 839 [2011], *lv denied* 17 NY3d 807 [2011]). Therefore, this claim of error required pres-

ervation (*see* CPL 470.05 [2]). The defendant failed to preserve this claim for appellate review (*see People v Ramirez*, 15 NY3d 824 [2010]; *People v Starling*, 85 NY2d 509, 516 [1995]; *People v Bryant*, 82 AD3d 1114 [2011]; *People v Mateo*, 53 AD3d 1111, 1112 [2008]), and we decline to review it in the exercise of our interest of justice jurisdiction.

The defendant's contention that the evidence was legally insufficient to support his convictions is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Hawkins*, 11 NY3d 484, 492 [2008]), and we decline to review it in the exercise of our interest of justice jurisdiction. In fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]). Upon reviewing the record here, we are satisfied that the verdict of guilt on criminal sale of a controlled substance in the first degree and two counts of conspiracy in the second degree was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

However, we find that the verdict of guilt on the count charging criminal possession of a controlled substance in the third degree was against the weight of the evidence. Penal Law § 220.16 (12) provides that a person is guilty of criminal possession of a controlled substance in the third degree when he or she knowingly and unlawfully possesses "one or more preparations, compounds, mixtures or substances containing a narcotic drug and said preparations, compounds, mixtures or substances are of an aggregate weight of one-half ounce or more." The evidence presented at trial did not establish, beyond a reasonable doubt, that the recovered substance contained a narcotic drug and did not establish, beyond a reasonable doubt, the weight of the substance. Accordingly, the defendant's conviction of criminal possession of a controlled substance in the third degree and the sentence imposed thereon must be vacated, and that count of the indictment dismissed.

The defendant's contention that the trial court erred in denying, without a hearing, his motion to set aside the verdict due to improper juror conduct (*see* CPL 330.30 [2]) is without merit. The moving papers do not contain sworn allegations of the essential facts supporting the motion (*see* CPL 330.40). Instead, the motion was supported by the hearsay allegations of defense counsel, which were insufficient to meet the threshold requirement of CPL 330.40 (2) (a). Accordingly, no hearing was

required, and the motion was properly denied (*see generally People v Lopez*, 104 AD2d 904 [1984]).

There is no merit to the defendant's contention that the sentence was excessive insofar as it relates to the conviction of criminal sale of a controlled substance in the first degree and two counts of conspiracy in the second degree (*see People v Suitte*, 90 AD2d 80 [1982]). While the People correctly concede that the defendant is eligible to seek resentencing to a lower determinate term under the Drug Law Reform Act of 2004 on the criminal sale count, such relief must be pursued in a separate proceeding (*see* CPL 440.46).

The defendant's remaining contentions, including those raised in his pro se supplemental brief, are without merit. Skelos, J.P., Dickerson, Austin and Cohen, JJ., concur.