THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANSEL GOUVEIA, Appellant. [930 NYS2d 677]—

The defendant was arrested and charged with numerous crimes as the result of a long-term police investigation into alleged trafficking involving the importation of cocaine from the nation of Guyana into the United States for sale in New York. He was tried jointly with a codefendant, Steven Gerrara (*see People v Gerrara*, 88 AD3d 811 [2011] [decided herewith]). One other codefendant, Wayne Chan, with whom both the defendant and Gerrara were being jointly tried, entered a plea of guilty mid-trial, and offered testimony against the defendant and Gerrara. The jury found the defendant guilty of criminal sale of a controlled substance in the first degree and two counts of conspiracy in the second degree.

The trial court properly admitted at trial evidence of an illegal narcotics shipment and testimony confirming the existence of Devandra Persaud, also known as "Cully Boy," a deceased member of the defendant's criminal organization. The trial court properly admitted limited evidence about Persaud in order to correct any misleading impression left after the defense

suggested, during cross-examination of an informant, that Persaud did not exist (*see People v Massie*, 2 NY3d 179 [2004]; *People v Vasquez*, 33 AD3d 636 [2006]; *People v Rodriguez*, 28 AD3d 496 [2006]). As with the evidence of Persaud's existence, the evidence of the shipment was properly admitted to correct any misimpression left after the cross-examination of the informant suggesting that the shipment did not exist, and to complete the narrative of events (*see generally People v Alvino*, 71 NY2d 233 [1987]).

The defendant's contention that the trial court erred in allowing testimony into evidence regarding the identification of his voice is without merit. Voice identifications must be measured by the same due process considerations that apply to visual identifications (*see People v Collins*, 60 NY2d 214 [1983]; *People v Wong*, 133 AD2d 184, 185 [1987]). In the absence of some improper conduct by law enforcement officials, there is no due process violation (*see People v Wong*, 133 AD2d at 185; *People v Frawley*, 131 AD2d 504 [1987]; *People v Ramos*, 52 AD2d 640, 644 [1976], *affd* 42 NY2d 834 [1977]). Here, there is no allegation of improper police conduct resulting in a due process violation. Further, each witness testified to the basis for his identification of the defendant's voice on the audio tapes. One testifying officer's familiarity with the defendant's voice was a result of his repeatedly listening to the tapes and hearing the defendant's voice when he was arrested, while the second officer had heard the defendant's voice during his arrest processing after listening to the tapes. Each officer had personal experience with the defendant and his voice. It was not required that either testifying officer be qualified as an expert in order to identify the defendant's voice (*see United States v Chiarizio*, 525 F2d 289 [1975]).

Contrary to the defendant's contention, he was not deprived of the effective assistance of counsel, as counsel provided meaningful representation (*see People v Benevento*, 91 NY2d 708, 712-714 [1998]; *People v Baldi*, 54 NY2d 137, 147 [1981]).

The defendant contends that the People's summation remarks constituted reversible error. However, the comments alleged to be inflammatory and prejudicial were either fair comment on the evidence (*see People v Ashwal*, 39 NY2d 105 [1976]), responsive to arguments and theories presented in the defense summation (*see People v Galloway*, 54 NY2d 396 [1981]; *People v Crawford*, 54 AD3d 961 [2008]), stricken, thereby dissipating any prejudice resulting from the improper comment (*see People v Berg*, 59 NY2d 294 [1983]; *People v Arce*, 42 NY2d 179 [1977]; *People v Lawrence*, 254 AD2d 502 [1998]), or harmless error (*see*

*People v Crimmins*, 36 NY2d 230, 241-242 [1975]; *People v Hill*, 286 AD2d 777, 778 [2001]).

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The defendant's contention that the trial court erred in denying, without a hearing, his motion to set aside the verdict due to improper juror conduct (*see* CPL 330.30 [2]) is without merit. The moving papers did not contain sworn allegations of the essential facts supporting the motion (*see* CPL 330.40). Instead, the motion was supported by the hearsay allegations of defense counsel, which were insufficient to meet the threshold requirement of CPL 330.40 (2) (a). Accordingly, no hearing was required, and the motion was properly denied (*see generally People v Lopez*, 104 AD2d 904 [1984]).

There is no merit to the defendant's contention that the sentence imposed is excessive (*see People v Suitte*, 90 AD2d 80 [1982]). The defendant's contention that the sentence was improperly influenced by his Guyanese nationality and/or because he exercised his right to trial is also without merit. Our review of the sentencing record reveals that the Supreme Court relied upon the appropriate factors in sentencing (*see People v Pena*, 50 NY2d 400, 411-412 [1980], *cert denied* 449 US 1087 [1981]; *People v Izaguirre*, 51 AD3d 946 [2008]; *People v Gillian*, 28 AD3d 577, 577-578 [2006], *affd* 8 NY3d 85 [2006]; *People v Herrera*, 16 AD3d 699 [2005]; *People v Suitte*, 90 AD2d 80 [1982]). While the People correctly concede that the defendant is eligible to seek resentencing to a lower determinate term of imprisonment under the Drug Law Reform Act of 2004 on the conviction of criminal sale of a controlled substance in the first degree, such relief must be pursued in a separate proceeding (*see* CPL 440.46).

The defendant's remaining contentions, including those raised in his pro se supplemental brief, are without merit. Skelos, J.P., Dickerson, Austin and Cohen, JJ., concur.