# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**74**

**KA 08-02494**

PRESENT: SMITH, J.P., PERADOTTO, LINDLEY, SCONIERS, AND WHALEN JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                            MEMORANDUM AND ORDER

DALE KAHLEY, DEFENDANT-APPELLANT.

---

KIMBERLY J. CZAPRANSKI, INTERIM CONFLICT DEFENDER, ROCHESTER (JOSEPH D. WALDORF OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (NANCY GILLIGAN OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Monroe County Court (Patricia D. Marks, J.), rendered September 20, 1993. The judgment convicted defendant, upon a jury verdict, of murder in the second degree.

It is hereby ORDERED that the case is held, the decision is reserved and the matter is remitted to Monroe County Court for further proceedings in accordance with the following Memorandum: Following a jury trial in 1993, defendant was convicted of murder in the second degree (Penal Law § 125.25 [1]). On direct appeal, defendant raised a number of contentions, one of which challenged the admissibility of identification testimony admitted at trial. Although we initially reserved decision and remitted the matter to County Court for a hearing on the issue whether an identification procedure employed by the police was confirmatory (*People v Kahley*, 214 AD2d 960), we ultimately affirmed the judgment of conviction (*People v Kahley*, 227 AD2d 934, *lv denied* 89 NY2d 925). In 2009, defendant moved for a writ of error coram nobis, asserting that his appellate attorney was ineffective for failing to raise an issue on direct appeal that would have resulted in reversal, i.e., that the court, in violation of CPL 310.30, failed to notify him of the contents of a note received from the jury during its deliberations. We granted the writ (*People v Kahley*, 60 AD3d 1438) and now consider the appeal de novo. On this appeal, defendant contends, inter alia, that he is entitled to a new trial due to the court's failure to comply with CPL 310.30.

The relevant law is well settled. CPL 310.30 (1) provides generally that, upon receiving a note from the jury during deliberations requesting further instruction or information, "the court must direct that the jury be returned to the courtroom and, after notice to both the people and counsel for the defendant, and in the presence of the defendant, must give such requested information or instruction as the court deems proper." In *People v O'Rama* (78 NY2d

270), which was decided two years before defendant's trial, the Court of Appeals provided more detailed instructions for the handling of jury notes. The Court advised that, "whenever a substantive written jury communication is received by the Judge, it should be marked as a court exhibit and, before the jury is recalled to the courtroom, read into the record in the presence of counsel. Such a step would ensure a clear and complete record, thereby facilitating adequate and fair appellate review. After the contents of the inquiry are placed on the record, counsel should be afforded a full opportunity to suggest appropriate responses . . . [T]he trial court should ordinarily apprise counsel of the substance of the responsive instruction it intends to give so that counsel can seek whatever modifications are deemed appropriate *before* the jury is exposed to the potentially harmful information. Finally, when the jury is returned to the courtroom, the communication should be read in open court so that the individual jurors can correct any inaccuracies in the transcription of the inquiry and, in cases where the communication was sent by an individual juror, the rest of the jury panel can appreciate the purpose of the court's response and the context in which it is being made" (*id.* at 277-278). In *O'Rama*, the Court concluded that the trial court's failure to disclose the contents of a jury note to defendant was a mode of proceedings error that required reversal even in the absence of an objection (*id.* at 279), reasoning that the court's error "deprived [defendant] of the opportunity to have input, through counsel or otherwise, into the court's response to an important, substantive juror inquiry" (*id.* at 279-280).

In subsequent cases, the Court made clear that not all *O'Rama* violations constitute mode of proceedings errors (*see People v Ramirez*, 15 NY3d 824, 825-826; *People v Kisoon*, 8 NY3d 129, 134-135; *People v Starling*, 85 NY2d 509, 516). The only errors that require reversal in the absence of preservation are those that go to the trial court's "core responsibilities" under CPL 310.30, such as giving notice to defense counsel and the prosecutor of the contents of a jury note (*People v Tabb*, 13 NY3d 852, 853).

Here, after the jury had been deliberating for approximately two hours, the court stated on the record, "We have received an additional note requesting [the testimony of Simmons and Carmichael concerning] who left the house before the shots were fired." We note that, although the court referred to an "additional note," there is no indication in the record that a prior note had been sent by the jury. Once the jury was returned to the courtroom, the court stated, "Ladies and gentlemen, the court reporter has been preparing her notes and she will now read to you the testimony of Dr. Albert and . . . Rucker. After that testimony, we'll excuse you to have your lunch and to have the court reporter further prepare her notes and then resume with the testimony of the other witnesses approximately one hour later. Go ahead."

The record reflects that the court reporter then read testimony of Dr. Albert and Rucker to the jury, but the record does not identify what portion of the testimony was read. The jury was then excused for lunch. Approximately an hour and a half later, the jury was returned

to the courtroom and informed by the court that the court reporter was prepared to read the testimony of Simmons and Carmichael, as well as the testimony of Weaver, who testified for the prosecution that he was with defendant when the fatal shot was fired.  The court's reference to Weaver's testimony is the first indication in the record that the jury had requested a readback of his testimony.  The requested testimony of those three witnesses was read to the jury, which later rendered a guilty verdict.

There can be no dispute that the court failed to follow several of the procedures outlined in *O'Rama*.  For instance, the court failed to mark any of the jury notes as exhibits and did not read the notes into the record.  Defendant, however, did not object to the court's handling of the jury notes and, thus, his contention that the court violated CPL 310.30 is unpreserved for our review (*see* CPL 470.05 [2]).  As defense counsel correctly conceded at oral argument of this appeal, the court did not commit mode of proceedings errors in failing to mark the jury notes as exhibits and to read them into the record.  Because CPL 310.30 does not mandate the marking and reading of notes into the record, it logically follows that those are not among the court's "core responsibilities" under the statute (*Tabb*, 13 NY3d at 853; *cf. People v Weaver*, 89 AD3d 1477, 1478-1479).  We perceive no basis to review defendant's unpreserved contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).

Defendant nevertheless contends that he is entitled to a new trial because the court committed a mode of proceedings error for which preservation is not required in failing to advise him of the contents of what appears to have been the first note sent by the jury, i.e., the note requesting a readback of testimony from Dr. Albert and Rucker, and possibly Weaver.  In response, the People suggest that notice of the first note was provided to defendant off the record, as evidenced by the fact that defense counsel remained silent when informed by the court that it had received an "additional note" to that sent requesting the testimony of Simmons and Carmichael.  Because the court failed to follow the *O'Rama* procedures, however, it cannot be said with certainty whether defense counsel received such notice off the record, and we decline to resolve the issue based on inference and conjecture.

Because it is unclear from the record whether defendant was notified of the contents of the jury note or notes requesting a readback of the testimony of Dr. Albert, Rucker and Weaver, we hold the case, reserve decision and remit the matter to County Court for a reconstruction hearing on that issue (*see People v Martinez*, 186 AD2d 14, 14-15; *see generally People v Cruz*, 42 AD3d 901, 901; *People v Russo*, 283 AD2d 910, *lv denied* 96 NY2d 867).

We agree with the dissent that the core requirements of CPL 310.30 are triggered only by a "substantive juror inquiry" (*O'Rama*, 78 NY2d at 280).  We further agree that a request by the jury for a readback of the entire testimony of a witness is not a substantive inquiry, inasmuch as the appropriate response from the court to such a note is "obvious" (*People v Lockley*, 84 AD3d 836, 838, *lv denied* 17

NY3d 807; *see generally People v Alcide*, 95 AD3d 897, 898, *lv granted* 19 NY3d 956 ["Since the jury merely requested read-backs of certain trial testimony, the alleged error did not constitute a mode of proceedings error which would obviate the preservation requirement"]; *People v Gerrara*, 88 AD3d 811, 812-813, *lv denied* 18 NY3d 957, *cert denied ___ US ___*, 133 S Ct 857; *People v Bryant*, 82 AD3d 1114, 1115, *lv denied* 17 NY3d 792).

On this record, however, it cannot be determined whether the jury requested the *entire* testimony of witnesses Dr. Albert, Rucker and Weaver. Indeed, the dissent acknowledges as much, stating that "we can infer from the transcript" that the jury requested the entire testimony of those witnesses. The dissent must resort to inference here because, as noted, the court failed to comply with the *O'Rama* procedures by marking the note as an exhibit and reading it into the record. In any event, we do not believe that the inference drawn by the dissent is supported by the transcript.

If the jury requested only a portion of any of the witnesses' testimony, a mode of proceedings error would have occurred if the court failed to notify defense counsel of the jury note, considering that input from defense counsel would have been helpful in determining what portions of the testimony should be included in the readback. In our view, given the incomplete nature of the record, the issue whether the jurors requested a readback of the entire testimony of the witnesses in question also should be resolved at the reconstruction hearing, assuming, of course, that the court first determines that notice of the unrecorded note was not in fact given to defense counsel.

We have reviewed defendant's remaining contentions and conclude that none warrants modification or reversal of the judgment.

All concur except SMITH, J.P., and PERADOTTO, J., who dissent and vote to affirm in the following Memorandum: We respectfully dissent inasmuch as we conclude that there is no need for a reconstruction hearing with respect to defendant's unpreserved *O'Rama* contention (*see People v O'Rama*, 78 NY2d 270). Because we agree with the majority that the remainder of defendant's contentions are without merit, we would affirm the judgment without holding the case and remitting the matter to County Court for a reconstruction hearing.

Under *O'Rama* and its progeny, when the trial court receives a "substantive juror inquiry" (*id.* at 280), CPL 310.30 requires the court to provide "meaningful notice to counsel of the specific content of the jurors' request" (*People v Kisoon*, 8 NY3d 129, 134; *see O'Rama*, 78 NY2d at 276). As the Court of Appeals has explained, "[t]he point of [its] decision in *O'Rama* . . . was 'not to mandate adherence to a rigid set of procedures, but rather to delineate a set of guidelines calculated to maximize participation by counsel at a time when counsel's input is most meaningful, i.e., before the court gives its formal response' " (*People v Lykes*, 81 NY2d 767, 769, quoting *O'Rama*, 78 NY2d at 278). Thus, the purpose of the notice requirement is to "ensure counsel's opportunity to frame intelligent suggestions for the

fairest and least prejudicial response . . . to the jury" (*Kisoon*, 8 NY3d at 134; *see O'Rama*, 78 NY2d at 277-278). Where a jury note "contain[s] a substantive inquiry, the [trial court]'s failure to provide counsel an opportunity to participate meaningfully in formulating its response [constitutes] a mode of proceedings error that requires reversal," even in the absence of preservation (*People v Stocks*, 101 AD3d 1049, 1051; *see People v Tabb*, 13 NY3d 852, 852).

We conclude that the jury notes at issue, which requested readbacks of the entire testimony of various witnesses, were not substantive in nature and, therefore, did not implicate the court's core responsibilities under CPL 310.30 (*see People v Gerrara*, 88 AD3d 811, 812-813, *lv denied* 18 NY3d 957, *cert denied* ___ US ___, 133 S Ct 857; *People v Bryant*, 82 AD3d 1114, 1114, *lv denied* 17 NY3d 792). The record reflects that the court received three notes requesting readbacks of the testimony of five witnesses. The second note requested the testimony of Simmons and "Carmichael's testimony of who left the house before the shots were fired." The third note requested Carmichael's entire testimony. Although the first note was not summarized on the record, we can infer from the transcript that the jury requested the testimony of Dr. Albert, Rucker, and Weaver. At 12:39 p.m., the court advised the jury that the court reporter "will now read to you the testimony of Dr. Albert and . . . Rucker. After that testimony, we'll excuse you to have your lunch and to have the court reporter further prepare her notes and then resume with the testimony of the other witnesses." The jury was excused at 1:00 p.m. and, in the presence of defendant and defense counsel and outside the presence of the jury, the court explained that "[a]t this time we'll read Mr. Simmons' and [Weaver's] [testimony] and we'll go over . . . Carmichael's testimony before the jury hears it."

When the jury returned to the courtroom at 2:35 p.m., the court advised the jury that "[a]t this time we'll read the testimony of [Weaver] for you and . . . Simmons and then we'll excuse you for a few moments while we clarify some issues on the Carmichael testimony." After a read back of the testimony of Simmons and Weaver, the court again excused the jury and held a bench conference with counsel, apparently to determine how best to respond to the jury's request for a portion of Carmichael's testimony. Before that response was given, however, the court received a third note requesting the entirety of Carmichael's testimony, which was then read to the jury.

In our view, inasmuch as the jury merely requested readbacks of the entire testimony of certain witnesses, defendant's contention that the court did not strictly comply with the procedure set forth in CPL 310.30 required preservation (*see Gerrara*, 88 AD3d at 812-813; *Bryant*, 82 AD3d at 1114). Notably, the nature of the jury's inquiries required no input from defendant or defense counsel in framing the court's responses thereto. The jury requested readbacks of the testimony of five witnesses, and the court responded by reading the testimony of those witnesses in full.

In sum, because "neither defense counsel nor defendant could have provided a meaningful contribution" to the court's responses to the

jury notes in question (*People v Ochoa*, 14 NY3d 180, 188), defendant "was not denied the opportunity to provide input regarding a *substantive response or re-instruction to the jury*" (*Lykes*, 178 AD2d 927, 927-928, *affd* 81 NY2d 767 [emphasis added]) and neither reversal nor remittal for a reconstruction hearing is required.

Entered: April 26, 2013                      Frances E. Cafarell
                                             Clerk of the Court