# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1347**

**KA 11-01083**

PRESENT: SMITH, J.P., FAHEY, LINDLEY, SCONIERS, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

DEREK WILLIAMS, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (JASMINE LIVERPOOL, SUSAN C. MINISTERO, OF COUNSEL), FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (MATTHEW B. POWERS OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Erie County (Russell P. Buscaglia, A.J.), rendered June 9, 2010. The judgment convicted defendant, upon a jury verdict, of robbery in the first degree and robbery in the second degree.

It is hereby ORDERED that the case is held, the decision is reserved and the matter is remitted to Supreme Court, Erie County, for further proceedings in accordance with the following Memorandum: On appeal from a judgment convicting him upon a jury verdict of robbery in the first degree (Penal Law § 160.15 [3]) and robbery in the second degree (§ 160.10 [2] [a]), defendant contends, inter alia, that Supreme Court failed to fulfill its "core responsibility" under CPL 310.30 in responding to a jury note (*People v Kisoon*, 8 NY3d 129, 134; *see generally People v O'Rama*, 78 NY2d 270, 276-279).

The law on this issue is well settled. CPL 310.30 (1) provides that, when a deliberating jury sends a note requesting further instruction or information, "the court must direct that the jury be returned to the courtroom and, after notice to both the [P]eople and counsel for the defendant, and in the presence of the defendant, must give such requested information or instruction as the court deems proper." In *O'Rama* (78 NY2d at 277-278), the Court of Appeals provided more detailed instructions for the handling of jury notes, and the Court subsequently indicated that a trial court's failure to fulfill its "core responsibilities under CPL 310.30," such as giving notice to defense counsel and the People of the contents of a jury note, requires reversal even in the absence of preservation (*People v Tabb*, 13 NY3d 852, 853). We have previously stated, however, that "the core requirements of CPL 310.30 are triggered only by a 'substantive juror inquiry' (*O'Rama*, 78 NY2d at 280)[, and] that a request by the jury for a readback of the entire testimony of a witness is not a substantive inquiry" (*People v Kahley*, 105 AD3d 1322,

1325).

Here, the record contains Court Exhibit 5, a note from the jury seeking a readback of the entire testimony of a witness, but the transcript of the proceedings do not indicate that the court responded to that request. The People contend that the court clerk's notes establish that the court responded to the jury's request in defendant's presence, and thus that there was no *O'Rama* violation. Those notes were not included in the stipulated record on appeal, however, and we thus cannot determine from the record whether defendant and his attorney were notified of the contents of the jury note at issue. We therefore hold the case, reserve decision and remit the matter to Supreme Court for a reconstruction hearing on that issue (*see Kahley*, 105 AD2d at 1324-1325; *see generally People v Cruz*, 42 AD3d 901, 901; *People v Russo*, 283 AD2d 910, 910-911, *lv dismissed* 96 NY2d 867).

Entered:  January 3, 2014                         Frances E. Cafarell
                                                  Clerk of the Court