Smith, J.E
(dissenting). I disagree with the majority’s conclusion that County Court committed a mode of proceedings error in its handling of a note from the jury requesting the exhibits that were received in evidence. In view of defendant’s failure to preserve the issue for our review, I respectfully dissent and would affirm the judgment.
Initially, I note that I agree with the majority’s resolution of the issues concerning the legal sufficiency and weight of the evidence. With respect to the jury note at issue, the facts are set forth by the majority. Briefly, during its final jury instructions, the court informed the jurors that it would provide them with any item that had been received in evidence upon their request. Defendant did not object. Later, the court informed the parties that the jury had asked to see certain pieces of evidence, and that those items had been provided pursuant to the court’s discussions with the parties and the jury instructions. Defendant contends that the court thereby failed to comply with the procedures set forth in People v O’Rama (78 NY2d 270 [1991]), and that such failure constituted a mode of proceedings error requiring reversal of the judgment, notwithstanding his failure to preserve it.
The O’Rama procedures are based on the principle that “CEL 310.30 . . . imposes two separate duties on the court following a substantive juror inquiry: the duty to notify counsel and the duty to respond” {id. at 276 [emphasis added]). The failure to *1294 follow those procedures when confronted with a jury note that raises a substantive inquiry is a mode of proceedings error that does not require preservation (see id. at 279). Only substantive inquiries, however, require adherence to the O’Rama procedures. “Section 310.30 does not require notice to defendant in every instance of communication from the jury to the court” (People v Lykes, 81 NY2d 767, 769 [1992]). Where, as here, a defendant contends that a jury note contained a substantive question, and thus required adherence to the O’Rama procedures, this Court’s “inquiry ultimately focuses on whether the matter discussed was merely ministerial and, thus, ‘wholly unrelated to the substantive legal or factual issues of the trial.’ . . . [The issue is ministerial where] the challenged discussion . . . [bears] no substantial relationship to the defendants’ opportunity to defend against the charges” (People v Hameed, 88 NY2d 232, 241 [1996], cert denied 519 US 1065 [1997]).
In the note at issue, the jury merely requested certain items that had been admitted in evidence for their use during deliberations. Thus, the record reveals that the jury inquiry was purely ministerial in nature, containing only a request to view evidence. “Since the note[ ] [was] not substantive, any failure by the trial court to comply with CPL 310.30 did not constitute a mode of proceeding[s] error” (People v Gerrara, 88 AD3d 811, 812 [2011], lv denied 18 NY3d 957 [2012], cert denied 568 US —, 133 S Ct 857 [2013]; see People v Bryant, 82 AD3d 1114, 1114 [2011], lv denied 17 NY3d 792 [2011]; cf. People v Lockley, 84 AD3d 836, 838 [2011], lv denied 17 NY3d 807 [2011]).
Consequently, I conclude that “[defendant’s reliance on [O’Rama] is misplaced. The note sent by the jury simply requested [some of the evidence], which both the jury and [defendant] were apprised was available for inspection upon request; the note did not request any substantive information to implicate the notice procedures outlined in O’Rama. Indeed, other than the production of [that evidence], the note called for no other response” (People v Damiano, 87 NY2d 477, 487 [1996]; see People v Green, 37 AD3d 1131, 1131 [2007], lv denied 8 NY3d 946 [2007]; see also People v Rosado, 262 AD2d 62, 62 [1999], lv denied 93 NY2d 1045 [1999]). Inasmuch as no mode of proceedings error occurred and O’Rama was not implicated, defendant was required to object to the procedure used by the court and, having failed to do so, he failed to preserve his contention for our review (see CPL 470.05 [2]). I would decline to exercise this Court’s power to review defendant’s contention as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]).
*1295 Defendant also failed to preserve for our review his related contention that the court violated CPL 310.20 (1), which permits a deliberating jury to take with them “[a]ny exhibits received in evidence at the trial which the court, after according the parties an opportunity to be heard upon the matter, in its discretion permits them to take.” I conclude that the case law governing CPL 310.30 is equally applicable here, and thus I reject defendant’s contention that the court’s response to the jury’s request to take the exhibits into the jury room was a mode of proceedings error. Therefore, in the absence of a proper objection, defendant’s contention is not preserved for our review (see CPL 470.05 [2]), and I would decline to exercise this Court’s power to review it as a matter of discretion in the interest of justice {see CPL 470.15 [6] [a]).
I have examined defendant’s remaining contentions and conclude that none requires modification or reversal of the judgment.
Present — Smith, J.P, Fahey, Valentino and Whalen, JJ.