Matter of State Farm Fire & Cas. Co. v Jackson (2018 NY Slip Op 06981)





Matter of State Farm Fire & Cas. Co. v Jackson


2018 NY Slip Op 06981


Decided on October 18, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 18, 2018

Sweeny, J.P., Gische, Mazzarelli, Webber, Kahn, JJ.


7381N 27149/15E

[*1] In re State Farm Fire and Casualty Company, Petitioner-Respondent,
v
Ambers Jackson, et al., Respondents, G. Martinez, Proposed Additional Respondent, American Transit Insurance Company, Proposed Additional Respondent-Appellant.


Law Offices of Richard A. Reinstein, P.C., Kew Gardens, (Michael I. Josephs of counsel), for appellant.
Kelly Rode & Kelly, LLP, Mineola (Mary J. Joseph of counsel), for respondent.



Order, Supreme Court, Bronx County (Fernando Tapia, J.), entered February 17, 2017, which granted petitioner State Farm Fire and Casualty Company's order to show cause to permanently stay the uninsured motorist arbitration, unanimously affirmed, without costs.
The deposition testimony of respondent driver and his passenger, who were hit by another vehicle that fled the scene, was admissible under both the present sense impression exception
to the hearsay rule (People v Brown , 80 NY2d 729, 734-735 [1993]) and the past recollection recorded exception (see People v Somarriba , 192 AD2d 484, 485 [1st Dept 1993]). The testimony included photographs of the license plate of the offending vehicle, shown to the police officers who arrived pursuant to their call, and corroborated by respondents' description of the vehicle.
Moreover, the court did not improvidently exercise its discretion is denying a continuance to allow a nonparty witness, the owner of the vehicle that left the accident, to testify, given that he failed to appear despite prior knowledge of the date of the hearing on coverage, which had previously been adjourned (Halloran v Spina Floor Covering , 185 AD2d 149, 149 [1st Dept 1992]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: OCTOBER 18, 2018
CLERK