People v Kahley (2019 NY Slip Op 00997)





People v Kahley


2019 NY Slip Op 00997


Decided on February 8, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 8, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, PERADOTTO, AND LINDLEY, JJ.


44 KA 08-02494

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
DALE KAHLEY, DEFENDANT-APPELLANT. 






MARK D. FUNK, CONFLICT DEFENDER, ROCHESTER (KATHLEEN P. REARDON OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (STEPHEN X. O'BRIEN OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Monroe County Court (Patricia D. Marks, J.), rendered September 20, 1993. The appeal was held by this Court by order entered April 26, 2013, decision was reserved and the matter was remitted to Monroe County Court for further proceedings (105 AD3d 1322). The proceedings were held and completed. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: We previously held this case, reserved decision, and remitted the matter to County Court to conduct a reconstruction hearing to determine whether defense counsel was informed of the contents of an unrecorded note received from the jury during its deliberations at defendant's 1993 trial (People v Kahley, 105 AD3d 1322 [4th Dept 2013]). We conclude that the court properly found upon remittal that the evidence at the reconstruction hearing established that defense counsel had been made aware during deliberations of the contents of the jury note at issue.
Defendant contends that the court erred in admitting in evidence at the reconstruction hearing a page from defense counsel's contemporaneous trial notes in which he recorded the events that occurred during deliberations, including the jury's issuance of notes, because the document constitutes attorney work product. We reject that contention. An attorney's "interviews, mental impressions and personal beliefs procured in the course of litigation are deemed to be . . . work product" and are not subject to disclosure (Corcoran v Peat, Marwick, Mitchell and Co., 151 AD2d 443, 445 [1st Dept 1989]; see also CPL 240.10 [2]), but documents do not become work product merely because they were prepared by an attorney (see Hoffman v Ro-San Manor, 73 AD2d 207, 211 [1st Dept 1980]). The court properly determined that defendant did not meet his burden of demonstrating that the document constituted attorney work product because it was merely a recording of events in the courtroom and not "uniquely the product of a lawyer's learning and professional skills, such as those reflecting an attorney's legal research, analysis, conclusions, legal theory or strategy" (Brooklyn Union Gas Co. v American Home Assur. Co., 23 AD3d 190, 191 [1st Dept 2005]). Further, the court properly determined that the document was admissible under the past recollection recorded exception to the hearsay rule (see generally People v Taylor, 80 NY2d 1, 8 [1992]). Contrary to defendant's contention, the required foundation for admission of the evidence was established despite the fact that defense counsel did not recall making the notes and thus could not testify that they accurately represented his knowledge and recollection when made. "There is no requirement . . . that evidence in the form of past recollection recorded be corroborated by the witness' independent recollection of the event or by a general present memory of what was happening.' Indeed, the witness must swear that he or she has no present recollection whatever of the facts sworn to' " (People v Somarriba, 192 AD2d 484, 485 [1st Dept 1993]). In light of our determination, we do not reach defendant's remaining contention.
Entered: February 8, 2019
Mark W. Bennett
Clerk of the Court